WILLIAM B. DODD, Appellant, *vs.* GEORGE F. BROTT,
Respondent.

APPEAL FROM AN ORDER SETTING ASIDE AN EXECUTION.

Where a Judgment was assigned by the creditor and no notice thereof given to the judgment debtor, payments made thereon by the debtor to the creditor in good faith, will bind the assignees of such judgment, and repayment to them will not be enforced.

A garnishee is bound to disclose all his indebtedness to the Defendant named in the process, and his answers are not merely voluntary.

An Attorney has no lien upon a judgment for his costs and disbursements, without notice of his claim therefor to the judgment debtor.

An assignment of a judgment to an Attorney, by the judgment creditor, *merges* any Statute lien the Attorney might have had therein for his costs and disbursements.

The Plaintiff below, William B. Dodd, recovered a judgment against the Defendant Brott, for the sum of $166 41, in the District Court for Ramsey County, on the 22d day of October, 1853.

The Defendant was afterwards summoned as a garnishee in several suits against the Plaintiff by different creditors, in which he disclosed the indebtedness due by him to the Plaintiff by virtue of the aforesaid judgment, whereupon judgments were rendered against him in favor of the creditors of Dodd, and one of these judgments had been paid by him.

Previous to this, the Plaintiff had assigned the judgment against the Defendant, to his Attorneys, Messrs. Emmett & Moss, in consideration of certain legal services rendered by them, but no notice of this assignment was given to the Defendant; and he had no notice of such assignment at the time of his disclosures under the garnishee proceedings against him.

Afterwards the assignees of the judgment caused an execution to be issued thereon, against the Defendant, who thereupon moved to vacate the same, and for an order directing the Clerk of the District Court to enter satisfaction of such judgment upon his register and docket.

Upon the hearing of this motion, the District Court set aside

Dodd v. Brott:

the execution and granted the order prayed for; from which order the Plaintiff appealed to this Court.

Points and authorities of Appellant.

*Firstly.* 1. The claim of Dodd was assignable, and carried the judgment with it.—6 *How. Rep., p.* 161; 3 *How. Rep. p.* 386.

2. The assignment carried with it all the right, title and equities of the assignor.—6 *How. Rep., p.* 161; 8 *How. Rep., p.* 319.

3. By virtue of that assignment Brott ceased being a debtor to Dodd.—3 *How. Rep., p.* 386.

4. That the judgment in garnishment against Brott cannot operate as a discharge of the original judgment thus assigned. —3 *How. Rep., p.* 386; 6 *How. Rep., p.* 161; 4. *Met. Rep., p.* 594.

5. That Brott voluntarily admitted an indebtedness to Dodd at his own risk; and in this case at a time when Dodd was not his creditor.—6 *How. Rep., p.* 161; 1 *Code Rep., N. S., p.* 311.

6. No notice to Brott was necessary to make the assignment effectual.—6 *How. Rep., p.* 161; 4 *Met. Rep., p.* 594; 5 *Shep. Rep., (Me.,)* 327.

*Secondly.* 1. The assignees were the Attorneys of Dodd, and independent of the assignment, they had a lien on the judgment to the extent of the costs.—9 *How. Rep., p.* 16; *Rev. Stat. p.* 459.

2. That lien existed without notice to Brott, and no act of the assignor could deprive his Attorneys of said lien.—*Same as above.*

Points and authorities relied upon by the Respondent.

*First.* The Respondent contends that the right of the the assignee of a judgment, before notice of an assignment is given to the Defendant therein, is subject to the acts of the Defendant in paying such judgment to the Plaintiff, or satisfying the same in any manner agreeable to law.—1 *Code R., (N. S.)* 314.

*Second.* But payment to the Plaintiffs in the garnishee proceedings was, in effect, payment to Dodd.—*R. S.,* 452, *Sec.* 13; *ib.* 453, *Sec.* 17.

*Third.* The payment by Respondent was not voluntary but compulsory; since the judgments on the garnishee process have the same effect and could be enforced the same as the judgment against him that had been assigned. (*R. S.*, 453, *Sec.* 17.) Wherefore a payment by Brott was in effect a payment to Dodd, which is admitted would be lawful.

*Fourth.* The objection that no summons was served on Brott in the case of Marshal, in no way affects the garnishee judgments, for the same reason that he might have paid the judgment to Dodd after the assignment.

Such course, too, was for the benefit of Dodd, as it saved the costs of service, &c. The presumption of law is that a summons was served.

*Fifth.* The assignees have not any lien for services, as it does not appear that they were rendered in that suit.

But if that appeared it was necessary to first give notice to the Defendant.—*R. S.*, 459, *Sec. 3 and* 4.

EMMETT & MOSS, Counsel for Appellant.

DE WITT C. COOLEY, Counsel for Respondent.

*By the Court*—SHERBURNE, J. This is an appeal from an order of the District Court, in the County of Ramsey, to satisfy a judgment which the Plaintiff had recovered against the Defendant. The facts are substantially as follows :

William R. Marshall and George Cady had each recovered a judgment against the Plaintiff for a sum exceeding $200.00. The Plaintiff about the same time recovered judgment against the Defendant for the sum of $222.79. On the 22d day of October, 1853, being a few days after the recovery of the judgments above mentioned, a garnishee process was served upon, Brott at the suit of Cady to secure the judgment already referred to in his favor, and on the 10th of November, 1853, Brott appeared and answered, and judgment was rendered against him for the sum of $96.50. On the 6th day of February, 1854, execution was issued upon the judgment of Cady against Brott, and upon the first day of April, 1854, the execution was returned satisfied and the judgment was satisfied ; the amount of the whole, with costs, being $104 80. On the 22d day of

October, 1853, affidavit was duly filed with the Clerk of the District Court for garnishee process for Marshall against Brott, on account of the indebtedness of Dodd.   On the 22d day of March, 1854, Brott duly appeared and answered, and on the 27th day of April, 1854, judgment was entered against him as garnishee of Dodd for the sum of $133 31, and on the same day, as appears by the receipt of Marshall, said Brott paid to him on the judgment against said Dodd, the sum of $124 61. On the 17th day of January, 1854, execution was issued upon the judgment of Dodd against Brott.   The execution was subsequently set aside and the judgment upon which it was issued satisfied by order of the Court.

From this order the Plaintiff appealed.

The objection to the order is, that prior to the time when Brott appeared and answered as garnishee in the causes above referred to, the judgment of Dodd against Brott had been duly assigned to Emmett & Moss.   Of this assignment, however, Brott had no notice.   The simple question arises whether a debtor who pays a debt in good faith to his creditor, can be made liable to pay it a second time to his creditor's assignee? If such a rule of law existed, I should not, for a moment, feel bound to follow it.   It is repugnant to common sense and every principle of justice.   But no such idea can be supported by authority.   I have not looked into all the cases cited by the Plaintiff's counsel, but that upon which he seemed to rely most, in 6 *Howard's Practice Repts.*, is not in point.   That was the case of a voluntary payment by a creditor, and the Court bases the decision expressly upon that ground.   The payment in this cause was by a judgment of the Court.   The argument of the counsel that the Defendant answered voluntarily, has no force whatever.   He answered, so far as we know, as he was bound to do, in the ordinary course of judicial proceedings.   It is absurd to say that he could not properly answer at that time, that he was indebted to Dodd for the reason that Dodd had assigned the judgment, because the assignees had not taken the precaution to give notice to Brott.   He was called into Court to testify whether he was or was not indebted to Dodd.   There was but one answer which he could make, truly, and that was that he was so indebted.   Upon that an-

18

swer, judgment was rendered against him necessarily, and that judgment he satisfied, by which he paid the Plaintiff's debt. It is the unanimous opinion of the Court that the order of the Court below was properly granted.

It has been urged that, although the assignment may be ineffectual for want of notice to Brott, still the Attorneys for the Plaintiff had a lien upon the judgment for the amount of costs. There are two reasons fatal to this position. The first is, the Statute does not admit of this construction. The grammatical arrangement of the section and its punctuation, leave no doubt whatever that notice to the debtor in order to affect a lien upon the judgment, is necessary as well when the Attorneys claim a lien upon the costs as when they claim it upon a portion of the judgment by virtue of a stipulation or agreement. The Court are also of the opinion that even if the construction contended for by the Plaintiff's counsel was correct, still the minor lien of the Attorney was merged in the specific contract of assignment. I do not feel clear in my own mind as to the correctness of this position, and refer to it rather as the opinion of the Court than my own. The proceedings of the Court below must be affirmed.