## ' ROBERT HILL
### v.
## LORENZ REITZ.

Lis Pendens—*Privity between Plaintiff and Defendant in Execution—Action against Sheriff.*

1. The plaintiff and defendant in an execution issued, pending a trial of the right of property between the latter as claimant and the judgment creditors of a third person, in goods levied on as the property of such third person, are in such privity of relation that both will be alike bound by a judgment finding the rights of property against the claimant.

2. An action does not lie against the Sheriff for failure to levy an execu-

tion issued pending the trial of the right of property under the former levy on the property as that of a third person.

[Opinion filed December 9, 1887.]

APPEAL from the Will County Circuit Court; the Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. OLIN & PHELPS, for appellant.

Mr. C. W. BROWN, for appellee.

LACEY, J.   This was an action in case commenced by appellant against appellee, who was Sheriff, to recover damages against him for failure to levy certain executions issued out of the Circuit Court on transcripts from a Justice of the Peace in favor of appellant and against one Hannah Floxman, amounting to about $314.56.

The facts are about as follows:   The appellee held in his hands an execution in favor of Sherwin & Co., against Simon Floxman, husband of Hannah, and one Runstein, and had levied on certain goods as the property of said Simon to satisfy said execution.   Hannah Floxman served a notice in writing on the appellee that she claimed the goods as her property, and the case was tried in the County Court on proper issues formed, and the rights of property decided to be in the said Hannah.   Thereupon Sherwin & Co. appealed the case to the Circuit Court.   Subsequently to this time certain transcripts in favor of appellants on judgments from a Justice of the Peace, against said Hannah, were filed in the Circuit Court, and executions issued thereon and placed in the hands of the appellee as Sheriff, and he notified by appellants in writing to levy the same on the said goods as the property of said Hannah. Subsequently to this, while the suit for the trial of the right of property was pending in the Circuit Court, the said Hannah, the plaintiff therein, waived a jury and submitted the case to be tried by the court, which trial resulted in favor of Sherwin & Co., and judgment was rendered against her, the court finding the title to be in her husband.   The goods were after-

Hill v. Reitz.

ward all sold and the proceeds of the sale applied on the said execution of said Sherwin & Co. against Simon Floxman *et al.*, so far as they would go. Had the proceeds of sale been applied to the payment of the appellant's executions, they would have more than satisfied them. Appellant's executions were never levied and were afterward returned "*nulla bona.*" It is claimed that a liability exists against the Sheriff to recover for refusal to levy appellant's executions on the goods, the proof tending to show that they belonged in fact to Hannah Floxman. It will be conceded that this would be so unless the judgment in the case of Hannah Floxman v. Sherwin & Co., trial of the rights of property, was a bar to appellant's right to claim the goods as the property of said Hannah, she being insolvent except for these goods.

The court below held that the judgment in the rights of property case was a bar and gave judgment against appellant for costs, from which this appeal is taken.

This is the question to be settled by this court:

Does the plaintiff in an execution issued against the claimant in a suit for the trial of the rights of property, while such suit is pending, wherein the Sheriff had levied an execution issued against a third person on certain goods claimed both by the judgment creditors of the defendant in the execution and said claimant, occupy the relation of privy to such claimant in such manner as to be bound by a judgment of the court finding the rights of property in the defendants in the execution? We think it does. And applying the law to this case we are satisfied that the appellant must be bound by the result of the suit in which Mrs. Floxman was claimant. The trial of the rights of property was pending when his executions were issued, and Mrs. Floxman claimed the goods in the manner pointed out by the statute. If she succeeded, then Sherwin & Co. could have no claim in the goods and the appellant's execution would immediately attach. She was fighting the battle for appellant. Before she instituted her suit claiming the goods appellant had no standing in court whatever and without his execution he could have none. So he must be regarded as having acquired his rights *pendente lite* and is bound by the result of the litigation.

It is insisted by counsel for appellant that the plaintiff and defendant in an execution as to defendant's property, stand in a situation of antagonism and for that reason there is no privity. We think such suggestions misleading. If sale takes place under execution the purchaser at the sale must necessarily derive title through the defendant in the execution. Before any liens are acquired the title to the property must be controlled by the owner and by the result of the litigation by the owner concerning his property in case there be no fraud.

These goods were already in the custody of the law and Mrs. Floxman in litigation with the party for whose benefit they were sold to determine the title. The appellant cites for authority Watts' Appeal, 35 Pa. St. 523, cited in Bigelow on Estoppels, page 280, 281. In the citation it is said that no privity exists between a judgment creditor and his debtor, but their relation is one of antagonism. According to the peculiar facts in Watts' Appeal, *supra*, the application of that rule of law may have been proper. Judgment creditors, in that case, were entitled to the money arising from a sale of the land of their judgment debtor under the judgment as against another judgment creditor, who, while his judgment was in existence, had deeded the land on which his judgment was a lien for the purchase money to the common judgment debtor. The subsequent judgment debtors were not held to notice that as between the common judgment debtors and the prior owner of the land, and at the same time judgment debtor, there was a secret agreement between them that the lien of the judgment debtor on the land for the purchase money should still exist. The prior owner and judgment creditor was estopped by his deed to the common judgment debtor; and the court in that case held that the subsequent judgment creditors were not in such privity with the common judgment de tor as to the land sold under their execution that they would be held to notice of this secret agreement to keep above the judgment lien of the prior judgment creditor contrary to the purport of his deed. The court further held that in such case there was such antagonism between those creditors and

the common judgment debtor, as to relieve them from being chargeable with such notice.

In other words, those judgment creditors were regarded as standing in the light of innocent purchasers as far as their judgment lien was concerned, on account of being misled by the deed executed before their judgment was entered. It is doubtful whether that would be held to be the law in this State. But conceding it, the case is quite different from the one at bar, and could have no application here, where Sherwin & Co. had done nothing to mislead the appellant in regard to their claim that the goods belonged to Simon Floxman, but on the contrary they pushed their claim to final success in establishing the title to the goods in their judgment debtor and procured the sale of the goods under execution against him, while the appellant stood idly by and made no effort other than to put his execution against Mrs. Floxman in the hands of the Sheriff and notifying him to levy on them as the property of Mrs. Floxman, while at the same time he held them on a prior levy as the goods of her husband. We think under the facts of this case the doctrine of *lis pendens* will apply in its full force to appellant. Mrs. Floxman had come in under the statute before the issuing of appellant's execution against her and was contesting the title with her husband's creditors, and appellant was not in antagonism as to her claim of title in the goods; his interest and hers were the same. The law would not presume that she would fraudulently assist to defeat her own title. However, if she and her husband's creditors, with the knowledge of the appellee, fraudulently colluded to defeat her title in order to defraud her creditors and to fraudulently allow the suit to go against her, then the antagonism should be held to exist, and the appellant be allowed to show those facts and that the title to the goods was in Mrs. Floxman, and thereby defeat the bar of the judgment, otherwise not. There was no attempt to do so. The doctrine of *lis pendens* applies to rights acquired under sale under judgment executions and sales and *pendente lite* incumbrances. Cooley v. Bayton, 16 Ia. 19; Steele v. Taylor et al., 1 Minn. 273; Jackson v. Warren, 32 Ill. 331, 341.

The judgment must be affirmed.    *Judgment affirmed.*