### In re McDONOGH.

(Supreme Court, Appellate Division, First Department. May 6, 1910.)

1. ATTORNEY AND CLIENT (§ 182*)—LIEN OF ATTORNEY—MERGER IN JUDGMENT.
   The lien of an attorney who receives an assignment of a judgment for costs in favor of his client becomes thereby merged in the judgment.
   [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 182.*]

2. JUDGMENT (§ 883*)—SET-OFF.
   Where a judgment for costs in favor of defendant on the discontinuance of the action was assigned to defendant's attorney, and thereafter plaintiff obtained judgment against defendant, no right of set-off existed, because such a right must exist as of the time when the assignment was made, and at that time there was no judgment which could be offset against the judgment for costs.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1669–1688; Dec. Dig. § 883.*]

Appeal from Special Term, New York County.

Application of James S. McDonogh for an order directing George H. Sherman, as committee of the property of Isaac C. Wickes, an incompetent person, to pay a claim. From an order denying a motion for an order directing the committee of an incompetent person to pay a claim, applicant appeals. Reversed, and application granted.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Francis X. McDonough, for appellant.
Mason Trowbridge, for respondent.

DOWLING, J. On April 2, 1909, Isaac C. Wickes commenced actions in the Municipal Court against one Brenner, and one Perrington for goods sold and delivered; their attorney being J. E. Murphy. On April 12th, Wickes having been declared an incompetent, a committee of his person was appointed. On April 22d, the Municipal Court refused to substitute the committee in the stead of Wickes as a party

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff in such actions, and they were discontinued, with costs to the defendants of $32.65 and $17.65, respectively.

On April 28th said Murphy, the attorney, received an assignment of these judgments, which assignments operated to effectuate his attorney's lien, which then became merged in the judgments. Thereafter Murphy assigned these two judgments to the petitioner herein, who now seeks to have the committee directed to pay the same. In the meantime the committee had commenced new actions against Brenner and Perrington, which went to judgment; but the judgments were obtained after Murphy had assigned his judgments to the petitioner. Under these conditions no right to set-off existed, for such right must exist as of the time when the assignment was made, and at that time there was no judgment in favor of the committee which could be offset against the judgments for costs. Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028, 17 L. R. A. 456.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the application to direct payment granted, with $10 costs. All concur.