JERNIGAN BROS. *et al. v.* LEN K. HART.

(*Nashville.* December Term, 1917.)

**ATTORNEY AND CLIENT.** Lien for services.  Waiver.

Where an attorney, otherwise entitled to a charging lien on a judgment recovered, takes an assignment to himself of the entire judgment, he abandons or waives his right to enforce the lien; the claim to a lien being merged in the specific assignment of the whole judgment.

Cases cited and approved: Dodd v. Brott, 1 Minn., 270; Fulton v. Harrington, 7 Houst. (Del.), 182; McDonogh v. Sherman, 138 App. Div., 291; Whitehead v. Jessup, 7 Colo. App., 460.

---

FROM PUTNAM.

---

Appeal from the Chancery Court of Putnam County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—A. H. ROBERTS, Chancellor.

WORTH BRYANT, ALGOOD & FINLEY, O. K. HOLLADAY and B. G. ADCOCK, for plaintiffs.

NATHAN COHN and FRANK BOYD, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Where an attorney, otherwise entitled to a charging lien on a judgment recovered, takes an assignment to himself of the entire judgment, is his right to enforce the lien abandoned or waived? Yes.

Principle: Where the assignment is not of a part or certain amount of the judgment, representing and securing his lien claim, and is not one of the entire judgment as security merely for the payment of his fees, the assignment, transferring absolute ownership of the judgment, operates as a waiver of equities he might have been entitled to by way of the declaration of an attorney's lien. The lesser claim to a lien on the judgment for services is merged in the specific contract assigning the whole judgment. There cannot exist a lien in favor of a person against property title to which is vested in himself.

Precedent: It was so held in *Dodd* v. *Brott,* 1 Minn., 270 (Gil., 205) 66 Am. Dec., 541; *Fulton* v. *Harrington,* 7 Houst. (Del.), 182, 30 Atl., 856; *McDonogh* v. *Sherman,* 138 App. Div., 291, 122 N. Y. Supp., 1033; *Whitehead* v. *Jessup,* 7 Colo. App., 460, 43 Pac., 1042; 2 R. C. L., p. 1064.

Writ of *certiorari* is granted, and the ruling of the court of civil appeals on this point is reversed, and the decree of the chancellor affirmed in all respects.