[No. 11723.   Department One. — May 30, 1889.]

C. W. CRAMER, RESPONDENT, v. E. E. TITTLE ET AL., APPELLANTS.

ASSIGNMENT OF PART OF CAUSE OF ACTION — RIGHTS OF ASSIGNEE — SETTING ASIDE SATISFACTION OF JUDGMENT — REMEDY BY MOTION. — When an assignment is made of an undivided one half of all the property which is the subject of the action, and a subsequent assignment is made of the whole cause of action to another person who has full knowledge of the rights of the first assignee, and satisfaction of the judgment in favor of the plaintiff in the action is entered by the second assignee and also by the plaintiff, the direct remedy for the first assignee is by motion to set aside the satisfaction of the judgment and substitute himself as a party plaintiff therein; and an action is unnecessary unless damages are claimed, or equitable relief, which cannot be had on motion.

ID. — ACTION BY ASSIGNEE — PARTIES — RELIEF AGAINST SUBSEQUENT ASSIGNEE. — In a separate action brought by an assignee of an undivided half of real and personal property which was the subject of a previous action by his assignor, in which separate action the assignee seeks to recover the property assigned from the defendant in the prior action, and from a subsequent assignee of the whole cause of action who took with notice of his rights, and who, together with the assignor, entered satisfaction of the whole judgment recovered in the prior action, the assignor, having parted with his whole interest in the former action, is not a necessary party defendant to the new action. The subsequent assignee is a necessary party thereto; but the fact that he failed to obtain title to plaintiff's interest in the judgment, by reason of notice of the prior assignment to plaintiff, does not render him liable to plaintiff for the plaintiff's interest in the judgment, if it does not appear that by reason of a fraudulent and collusive assignment and satisfaction of the judgment plaintiff has been deprived of the possibility of obtaining its fruits

from the defendant, or that the real property has been transferred otherwise than by the assignment and satisfaction of judgment.

ID. — JUDGMENT — RELIEF BY PIECEMEAL. — It is not necessary or proper for the court in rendering judgment for plaintiff in such action to render a mere money judgment for part of the relief sought, and to reserve for future litigation the interest of plaintiff in a reversionary fund and in real property sued for. The whole subject-matter of the action should be disposed of at once, and defendants should be required to execute and deliver a good and sufficient conveyance to plaintiff of such interest.

COSTS OF APPEAL. — When it is necessary to reverse a judgment as to both defendants who have appealed, but the judgment is more favorable to one of the defendants than it should have been, such defendant is not entitled to recover the costs of appeal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Robert Ash, John H. Boalt,* and *Hall & Rodgers,* for Appellants.

*J. J. Coffey,* and *W. H. Tompkins,* for Respondent.

PATERSON, J. — On April 4, 1883, one Lichtnock commenced an action against Tittle (defendant herein) to recover a certain amount of money, and an undivided interest in a parcel of land. On June 11, 1883, he sold to plaintiff herein an undivided one half of all the property which was the subject-matter of the action, and executed and delivered to plaintiff an assignment of the cause of action. In consideration of this assignment, plaintiff agreed to pay the costs and counsel fees incurred in the prosecution of the case. The court ordered judgment for the plaintiff therein, on November 23, 1883, for the sum of $1,450, with interest from the 16th of December, 1881, and for the recovery of the one-fifth interest in the parcel of land sued for, together with costs. On December 5, 1883, the defendant Huber, at the instigation of the defendant Tittle, and with full knowledge of the rights of plaintiff herein, procured from Lichtnock

an assignment of his judgment, and filed the same in the superior court. On May 2, 1884, the defendant Huber filed a written satisfaction of the judgment, and on January 30, 1885, Lichtnock and Huber jointly executed and filed another satisfaction of the judgment.

Some of the findings of the court — from which we have taken the above facts — are attacked, but there is sufficient evidence, we think, to sustain them all.

This action was commenced October 3, 1885, to recover from Tittle and Huber one half of the money and land awarded to Lichtnock in his action against Tittle. The court entered a judgment in favor of the plaintiff as prayed for, and from that judgment the defendants have appealed.

Upon the facts stated, the simplest and most direct remedy was for the plaintiff to proceed in the court below by motion to set aside the satisfaction of the judgment in *Lichtnock* v. *Tittle,* and substitute himself as a party plaintiff therein. (Code Civ. Proc., sec. 385; *Thomas* v. *R. I. G. & S. M. Co.,* 54 Cal. 578.) It is only where damages are claimed — or equitable relief which cannot be had on motion — that an action is necessary.

Lichtnock is not a necessary party defendant. No plea of non-joinder was made by demurrer, and the answer shows that prior to the commencement of the action, Lichtnock had sold and assigned his interest in the judgment.

The judgment against Huber is not warranted by the facts. He is, of course, a necessary party to this action, wherein the court is asked, in effect, to adjudge that he is not the owner of the judgment, and he would have been a necessary party to a proceeding by motion to set aside the satisfaction of judgment, and in each case liable for the costs; but the fact that he failed to get title to the judgment because of his notice of the prior assignment to plaintiff does not render him liable to plaintiff for the judgment debt due from Tittle to plaintiff. His

position under the facts of this case is not different from that of a purchaser of any chose in action with notice of a prior assignment, set-off, or other defense. The judgment debtor and assignee with notice of the prior assignment may, by a fraudulent and collusive assignment and satisfaction of judgment, succeed in delaying the enforcement of the judgment until, through the insolvency of the debtor or attachment of his property by other creditors, the judgment creditor or his assignee is deprived of the fruits of his judgment. But no such circumstances appear in this case.

It does not appear whether Lichtnock, Tittle, or Huber have made or attempted to make any transfer of an interest in the real estate other than by the assignment and satisfaction referred to. The court gave judgment against defendants for the sum of $1,042.63, and costs of suit; and then "adjudged and decreed that the plaintiff, C. W. Cramer, or his assigns, have leave to proceed as they may be advised for the recovery of the reversionary interest, and the interest of said Lichtnock in and to the lot of land."

The whole subject-matter ought to have been disposed of at once,—not piecemeal. It was not necessary to leave the controversy thus unfinished. The court ought to have required the defendants to excute and deliver to plaintiff a good and sufficient conveyance of the interest in the land, and of the reversionary fund acquired by plaintiff under his assignment from Lichtnock.

The judgment must be reversed, and in order to dispose of the whole matter, it is necessary to reverse the judgment as to both defendants. The defendant Tittle, however, is not entitled to recover costs of this appeal, as the judgment is more-favorable to him than it should have been.

Judgment and order reversed, and cause remanded for a new trial.

WORKS, J., and BEATTY, C. J., concurred.