[Civ. No. 485. Fourth Appellate District.—September 28, 1931.]

GEORGE B. BROWN et al., Respondents, v. A. F. BROWN et al., Appellants.

A. F. Brown and E. A. Brown, *in pro. per.,* for Appellants.

Ray D. Johnson, *in pro. per.,* for Respondents.

JENNINGS, J.—This is an appeal from an order of the superior court vacating a satisfaction of judgment theretofore entered in favor of plaintiffs George B. Brown and Alta Blanche Brown. The facts relevant to the appeal herein are briefly as follows:

Respondents George B. Brown and Alta Blanche Brown recovered a judgment for the sum of $750 against appellant Arthur F. Brown. The judgment is dated June 30, 1930, and was entered on July 1, 1930. On June 16, 1930, the above-named respondents executed a written assignment of the judgment to one Ray D. Johnson. This assignment was filed with the county clerk on June 30, 1930. On August 8, 1930, respondent George B. Brown executed a second assignment of the same judgment to one E. A. Brown, reciting that it was made in consideration of the surrender to the assignor of a certain promissory note made by the assignor to E. A. Brown, on which note the sum of $270 principal and interest was then due. This assignment was filed with the county clerk on August 13, 1930. Written notice of the second assignment directed to the judgment debtor was made under date of August 12, 1930. This instrument was likewise filed with the county clerk. On August 18, 1930, there was filed with the county clerk a satisfaction of judgment apparently executed by E. A. Brown, reciting that in consideration of the sum of $200 paid by the judgment debtor to E. A. Brown the latter acknowledged full satisfaction of the judgment. This instrument was duly acknowledged by E. A. Brown before a notary public.

The notice of motion to vacate the satisfaction of judgment states that it is made by respondents Alta Blanche Brown and Ray D. Johnson and that the motion to set aside the satisfaction of judgment will be made upon the ground that, at the time of the purported assignment by George B. Brown of the judgment to E. A. Brown, the said

George B. Brown had no interest in the judgment because of the prior assignment of the judgment to Ray D. Johnson. In the court's order granting the motion and vacating the satisfaction of judgment it is recited that the court finds that Arthur F. Brown had knowledge of the assignment to Johnson prior to the assignment to E. A. Brown. This finding, in the absence of any record of the evidence produced before the court at the hearing of the motion, is conclusive and would be determinative of the question involved in this appeal if the court had before it all parties necessary to its determination. ▮ The notice of motion to vacate the satisfaction of judgment was directed to the judgment debtor and his counsel and to E. A. Brown, the second assignee. The order made by the court decrees that the assignment to E. A. Brown is void and of no legal effect. It is, however, undisputed that E. A. Brown was not before the court and that there was no showing that he had been notified of the hearing of the motion which resulted in the rendering of an order decreeing that the assignment which had been made to him by the judgment creditor was void. In *Cramer* v. *Tittle*, 79 Cal. 332 [21 Pac. 750], the plaintiff was assignee of a cause of action for the recovery of a certain amount of money and an interest in a parcel of land and purchaser of an undivided half interest in the property which was the subject matter of the litigation. After the rendition of a judgment in favor of plaintiff's assignor the latter assigned the judgment to a third person, who subsequently filed a written satisfaction of the judgment. The action was instituted against the judgment debtor and the second assignee to recover one-half of the money and land awarded to plaintiff's assignor. A judgment in plaintiff's favor against both defendants was reversed, the Supreme Court holding that the judgment against the assignee of the former judgment was not warranted. It was said that the simplest and most direct remedy was for the plaintiff to proceed in the court below by motion to set aside the satisfaction of judgment in the original action and that in such a proceeding the second assignee would have been a necessary party. Respondents herein, by moving to set aside the satisfaction of judgment, utilized a simple and direct method to achieve the desired result, but the failure to give

notice to the second assignee is fatal to the order which
decreed the second assignment void and without legal effect.
The order is reversed.

Barnard, P. J., and Marks, J., concurred.