FRISSELL & JOHNSON, Appellants, vs. HAILE, Respondent.

1. Attorneys have no lien for their fees upon judgments recovered by them. The defendant will be protected in paying the money to the plaintiff in the judgment, notwithstanding he may have notice that the fees of the attorneys are unpaid.

2. A judgment debtor will be protected in paying to the plaintiff in the judgment, as against an assignee, who has given no notice of the assignment.

*Appeal from Madison Circuit Court.*

At the September term, 1849, of the Madison Circuit Court, a judgment was rendered in favor of Robert J. Hill and others against Thomas Haile, in an action of detinue, for certain slaves or their value, together with damages for the detention. The case was appealed to the Supreme Court, where a *remittitur* having been entered for the value of one of the slaves, the judgment of the Circuit Court was affirmed. Johnson and Frissell, H. B. Scott, since deceased, and Hugh A. Garland, were attorneys of record for the plaintiffs in that suit. After the affirmance of the judgment, the defendant, Haile, paid $8000 on it to Garland and took his receipt therefor, and subsequently compromised the balance with the plaintiffs, and took their receipt acknowledging full satisfaction of the judgment. At the March term, 1852, he filed his motion in the Circuit Court to have the judgment entered satisfied, of which motion, Johnson and Frissell, as attorneys of the plaintiffs, were notified. When the motion came on to be heard, Haile produced the above

mentioned receipts in evidence in support of it. At this stage of the proceedings, Johnson and Frissell, the former for himself and as administrator of H. B. Scott, filed their motion, supported by affidavits, to be made parties. This being allowed, they applied for a continuance, which was denied. They then offered in evidence an agreement with the plaintiffs in the suit of Hill and others *vs.* Haile, by which they were to receive for their fees, as attorneys, all the damages that might be recovered in that suit; also, the following notice, which was served on Haile, after he had paid the $8000 to Garland, and before he had settled the balance with the plaintiffs :

"Mr. Thomas Haile :

"Sir :. You are hereby notified that Mr. Hill and Mr. Bryan, on behalf of themselves and the other plaintiffs in the suit determined at the September term of the Circuit Court, 1849, at Fredericktown, Madison county, Missouri, against you, which decision has been affirmed by the Supreme Court, are indebted to us for fees in that case upwards of two thousand seven hundred dollars. You are, therefore, hereby cautioned to take notice of our rights in this matter, and pay to us the balance of the judgment, which has not been already paid to H. A. Garland. Respectfully,

M. FRISSELL,

THOS. C. JOHNSON,

THOS. C. JOHNSON,

Administrator of H. B. Scott, deceased."

Upon this evidence the Circuit Court sustained the motion of Haile, and ordered the judgment to be entered satisfied. From this decision, Johnson and Frissell appealed.

*Johnson* and *Frissell, pro se.* 1. The contract was not champertous, but a legal, valid contract which will be enforced. *Bayard* v. *McLane,* 3 Harrington's Rep. 2. The contract amounted to an assignment of the hire of the negroes, to be recovered in the form of damages. Courts of equity will protect assignees of a *chose in action* against parties who have notice of their rights. 3. The attorney has a lien upon the

.subject matter recovered by him, for his fees. Haile had notice of this lien, and made a fraudulent settlement with the plaintiffs, to defraud the attorneys. The court should treat the settlement as a nullity, and require Haile to make payment to the right party. Cross on Lien, Law Lib. p. 153. Bacon's Abridg. tit. Attorney.

*Glover & Campbell*, for respondent. 1. Putting the contract on the ground of assignment, Johnson and Frissell cannot enforce their claim against the respondent, part of a judgment not being assignable, without the consent of the judgment debtor. *Love* v. *Fairfield*, 13 Mo. Rep. 300. 2. The appellants had no lien for their professional services on the money recovered, before the same came into their hands. 2 Kent, 640—1 (note *a.*) 12 Wend. 261. 11 Mass. Rep. 236. *Baker* v. *Cook*, 3 Watts, 357. 3. Admitting they had a lien or an assignment, the respondent had no sufficient notice of that fact. The notice offered in evidence does not apprise him of any such claim. 4. The contract is champertous and void. 4 Litt. 412. *Love* v. *Fairfield*, 13 Mo. Rep. 303. 9 Ala. Rep. 755. *Wedon* v. *Wallace*, 1 Meigs (Tenn.) Rep. 286. *Merrit* v. *Lambert*, 10 Paige's Rep. 358. *Berrien* v. *McLane and others*, 1 Hof. Ch. Rep. 421. *Thruston* v. *Percival*, 1 Pick. Rep. 415. *Lathrop* v. *Amherst Bank*, 9 Met. Rep. 489. *Halloway* v. *Lane*, 7 Porter's Rep. 488. *Caldwell* v. *Shepherd*, 6 Monroe's Rep. 389.

SCOTT, Judge, delivered the opinion of the court.

1. Attorneys and counsellors at law in Missouri, are not to be confounded with the mere attorney and solicitor in England. These last are recognized officers of the court, and are entitled to fees for the services performed by them in the same manner as the clerks of our courts of record. Their fees are ascertained and fixed by rules of court, and are recognized in the taxation of the costs of a suit. Such being their foundation, the law confers a lien on papers and on judgments to se-

cure their payment, and will not suffer collusive compromises between the parties to a suit, made with a view to prevent their recovery. Attorneys at law, in our courts, are allowed no fees which are taxed as costs. They look to contracts made with their clients for remuneration for their services. If they receive the money of those who employ them, they may retain their fees, just as any other bailee may retain for services rendered in the care of the subject of the bailment. Hence the learning in the English books, in relation to the liens of attorneys, has no application, or an extremely limited one, under our system of laws.

2. We do not consider that the notice given by Johnson and Frissell to Haile, furnished any evidence to him that the judgment, or any part of it, had been assigned to them. So far from it, they seem studiously to have avoided the communication of such an idea. They merely tell him that the plaintiffs are indebted to them for fees in the cause, and caution him to notice their rights and to pay them the unsatisfied balance of the judgment. Now, surely, a mere notice to Haile, that the plaintiffs in the action were indebted to their attorneys, Johnson and Frissell, would be no warrant in law to Haile to withhold satisfaction of the judgment from those who had recovered it. Haile, in this matter, appears to have acted in good faith ; he made arrangements with the plaintiffs to satisfy their judgment, which was a very heavy one, before he was informed of any thing in relation to the difficulty between Johnson and Frissell and their clients, concerning their fees ; and had that arrangement been disturbed, he would, no doubt, have been subjected to great inconvenience, if not serious loss. We are not, therefore, at liberty to infer that the motives of his conduct had any foundation in a desire to deprive Johnson and Frissell of the fees to which their services entitled them.

As Johnson and Frissell had no lien on the judgment, and as they gave no notice of their assignment to Haile, it will not be necessary to examine the other points raised in the cause, as

these objections create an insuperable bar to their recovery under any aspect in which the case could be presented.

The other judges concurring, the judgment will be affirmed.