## DORENTE *v.* SULLIVAN.

A judgment by default, where summons has been served on defendant, cannot be attacked collaterally for a mere irregularity of service, or for a defective return.
The defendant should assert his rights by appeal from the judgment.

APPEAL from the Superior Court of the City of San Francisco.

This was an action brought by E. W. Smith, as the guardian *ad litem* of plaintiff, a minor, against Sullivan, for the rent of certain premises in the city of San Francisco. Judgment in the case was obtained by default.

Defendant afterwards, upon affidavits, obtained a rule against the plaintiff to show cause why the default and judgment should not be set aside and defendant permitted to defend.

The Court at the hearing discharged the rule, from which order the defendant appealed to this Court. The summons in this case bears the following certificate of service:

" COUNTY OF SAN FRANCICO, *ss.*—E. L. Barry, of said county, being duly sworn, says: I hereby certify that I received the within summons on the nineteenth day of September, A. D. 1856, and personally served the same on the nineteenth day of September, A. D. 1856, on the said defendant, Morty Sullivan, by delivering to him, the said defendant, personally, in the city of San Francisco, a copy of said summons, attached to a certified copy of the complaint.                    E. L. BARRY.

"Subscribed and sworn to before me, this nineteenth of September, A. D. 1856.                    E. W. SMITH,
                    "Justice of the Peace."

*C. M. Brosnan* for Appellant.

*Stowe & Brown* for Respondent.

MURRAY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This is an appeal from an order of the Court below refusing to set aside a default. The application did not contain sufficient grounds to warrant the Court below in disturbing the judgment. It admits the service, but sets up certain matter by way of apology or in extenuation of the defendant's laches.

By the sixty-eighth section of the Practice Act, the Court may, within six months, relieve a party from a judgment where he has not been personally served with summons. In his application, the defendant admits service, and this would seem conclusive of his case. It is now alleged for the first time, (for the point was not made below,) that the return of the writ is insufficient, and that so far as it appears of record, the defendant never was served. The twenty-eighth section of the Practice Act, provides that " the summons shall be served by the sheriff of the county where the defendant is found, or by his deputy, or by a person specially appointed by him, or appointed by a Judge of the Court in which the action is brought, or by any white male citizen over twenty-one years of age, who is competent to be a witness on the trial of the action, except as hereinafter provided; a copy of the complaint, certified by the clerk, shall be served with the summons. When the summons shall be served by the sheriff or his deputy, it shall be returned with the certificate or affidavit of the officer of its service, and of the service of the copy of the complaint, to the office of the clerk from which the summons issued. When the summons is served by any other person as before provided, it shall be returned to the office of the clerk from which it issued, with the affidavit of such person of its service and of a service of a copy of the complaint."

It is contended that where service is made by any one other than an officer or his deputy, or a person appointed by the Judge, the affidavit should show that the person serving the writ possesses the legal qualifications enumerated in the section; otherwise any incompetent person might make the service. Granting this proposition, the objection only goes to the formality of the return, which might be amended by the officer. If the return is defective, the defendant must appeal from the judgment; a mere irregularity of service is not sufficient to enable him to attack a judgment collaterally.

This view of the case, would be a sufficient answer to the second assignment of error, viz.: that the affidavit of service was made before a party to the action. But it may be further remarked, that it nowhere appears in the record that E. W. Smith, the guardian *ad litem* of the plaintiff, and E. W. Smith, the justice before whom the affidavit was made, are one and the

same, and we would hardly be expected to take judicial notice of that fact.

There was no abuse of discretion on the part of the Court below. As already stated, the defendant, by acknowledging service in his affidavit, has shown himself not within the sixty-eighth section of the act, and if he have any rights he must assert them by appeal.

Judgment affirmed.