[No. 6,386.]

THOMAS *v.* ROCK ISLAND G. & S. MINING CO.

ASSIGNMENT—ACTION.—An action cannot be maintained by the assignee of part of an entire demand without the express agreement or distinct ratification of the judgment debtor.

SATISFACTION OF JUDGMENT—MOTION.—If satisfaction of a judgment is entered, without notice to the judgment creditor, the latter has his remedy by motion to set aside the order and entry of satisfaction.

APPEAL from a judgment for the defendant, in the Twelfth District Court, City and County of San Francisco.

The facts are stated in the opinion.

*W. H. Allen,* for Appellant.

*Estee & Boalt,* for Respondent.

Department No. 1, by the COURT (from the Bench):

On the 5th of April, 1875, the plaintiff became assignee of one-half of whatever judgment might be recovered in an action, wherein D. Calderwood was plaintiff, and The Rock Island Gold and Silver Mining Company was defendant. Judgment was rendered against the defendant on the 29th of December, 1876. On the 30th of April, 1877, satisfaction of the judgment was entered by order of the Court in which the action was pending, without notice to the judgment creditor, or his assignee.

The latter brought the action in hand to set aside the order and entry of satisfaction, and for a judgment for his interest in that judgment, and damages, and costs.   There is no averment in the complaint that the judgment debtor agreed to or ratified the assignment.   Treating the action as an action at law, for the recovery of a money judgment, it cannot be maintained for want of such an averment; for such an action cannot be sustained by the assignee of part of an entire demand, without the express agreement or distinct ratification of the judgment debtor.   (*Grain* v. *Aldrich,* 38 Cal. 514.)   If the judgment debtor assents, the assignee may sue.   (*McEwen* v. *Johnson,* 9 Id. 250.)   But an entire demand cannot be split into several causes of action, without the assent of the debtor.

If satisfaction of the judgment was entered without notice to the judgment creditor or the plaintiff, either had his remedy by motion in the Court wherein judgment was entered, to set aside the order and entry of satisfaction.

The Court below properly sustained the demurrer to the complaint.