[No. 9043.  Department One. — September 30, 1886.]

CHARLES BROWN, APPELLANT, v. THOMAS W. MANN ET AL., RESPONDENTS

ESTATE OF DECEDENT — FORECLOSURE OF MORTGAGE — ADMINISTRATOR AS MORTGAGEE — STATUTE OF LIMITATIONS. — The assignee of a mortgage cannot maintain an action of foreclosure against the estate of a deceased person of which the mortgagee is the administrator, if the assignment of the mortgage was made for the sole purpose of having the mortgage foreclosed for the benefit of the mortgagee. If such an action is brought, and the mortgagee, after ceasing to be the administrator, is substituted as plaintiff in place of the assignee, the statute of limitations will run against the mortgage debt until the date of the substitution.

APPEAL from a judgment of the Superior Court of Santa Cruz County, from an order refusing to vacate the judgment, and from an order refusing a new trial.

The action was brought to foreclose a mortgage executed on the 4th of May, 1870, by Thomas W. Mann to the plaintiff, and payable one year after date. On the 4th of July, 1871, the mortgagor and his wife conveyed the mortgaged premises to one Abel Mann, who died on the 4th of December, 1871. The plaintiff became his administrator on the 29th of the same month, and in June, 1872, assigned the mortgage debt to Adolphus Brown for the sole purpose of having the mortgage foreclosed. On the 26th of the following July, Adolphus Brown brought a suit in his own name to foreclose the mortgage against the mortgagor, and the present plaintiff as the administrator of the estate of Abel Mann, and others. The suit was prosecuted to judgment, under which the premises were sold to Thomas W. Mann. The latter not being able to pay the purchase price, the plaintiff was substituted for him as purchaser. Thereafter, Adolphus Brown reassigned the mortgage debt, and assigned the judgment to the plaintiff. On the 4th of May, 1875, the plaintiff, having ceased to be the administrator of the estate of Abel Mann, moved the court to

vacate the judgment, substitute him as plaintiff, and allow him to file a supplemental complaint to foreclose the mortgage, making other parties defendants. The motion was granted on the 28th of June, 1879, and on the 12th of September of the same year the supplemental complaint was filed. Subsequently the judgment appealed from was rendered in favor of the plaintiff. The further facts are stated in the opinion of the court.

*W. D. Storey*, and *J. H. Logan*, for Appellant.

*C. B. Younger, J. A. Barham, F. Adams*, and *A. Craig*, for Respondents.

MYRICK, J. — Foreclosure. The note and mortgage were dated May 4, 1870, payable in one year, to wit, May 4, 1871. The proceedings had after the transfer of the note and mortgage by plaintiff (Charles Brown) to Adolphus Brown, with the suit thereon, must be disregarded, because Charles Brown, being the administrator of the estate of Abel Mann, could not, under the name of Adolphus Brown, have an action for his own benefit against himself as administrator to foreclose the mortgage. He had ample means in other ways to obtain the benefit of his security. Not until he ceased to be administrator and was substituted as plaintiff, which was after May 4, 1875, had he, Charles Brown, the plaintiff herein, commenced any proper action to foreclose the mortgage. At that time more than four years had elapsed after the note came due, and the action was barred.

In this view the balance of the case, and the points and arguments presented on either side, are quite immaterial.

Judgment and order affirmed.

McKINSTRY, J., and Ross, J., concurred.

Hearing in Bank denied.