WILSON, *Assignee, Plaintiff in Error*, v. BENEDICT *et al.*

1. **Practice**: PARTIES. In an action at law a party cannot be both plaintiff and defendant.

2. —— : IDEM SONANS. The rule that, from identity of name identity of person may be presumed, cannot be extended so far as to sustain the inference that the same name appearing as plaintiff and defendant in an action represents one and the same person.

3. ———— : ACTION AT LAW : JUDGMENT. A judgment in an action at law, pure and simple, which undertakes to adjust the equities of the creditors of the judgment debtor by postponing the payment of the judgment to their claims, is erroneous.

*Error to Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

REVERSED.

*Dobson & Douglass* for plaintiff in error.

(1) The finding and judgment of a court should be responsive to the issues made by the pleadings ; and in an action at law, equitable relief cannot be granted. The citation of authorities to support these two propositions would seem to be unnecessary. *Holden v. Vaughan,* 64 Mo. 590. The interposition of an equitable defence would not convert an action at law into a proceeding in equity. *Wolff v. Schaeffer,* 4 Mo. App. 367. In the case at bar it will not be contended, however, that an equitable defence was ever interposed. (2) In the case at bar the action was one of debt only against the defendants, Benedict, Melone & Company, and the sole issue was whether they were liable on account of having accepted the bills sued on, and it was for the purpose of defending this very issue that the receiver and several of the creditors were made parties on their own motion. The mere fact of the receiver's presence as a party defendant did not, in any wise, change the plaintiff's attitude in the case, nor the plain, simple issue of debt made by the pleadings. (3) If, however, the pleadings had been so framed as to have required the court to exercise its chancery powers in adjusting the equities, if any, between the plaintiff's assignor and the defunct firm of Benedict, Melone & Company, then it would have devolved on the court, when so in possession of the

parties and the matter in controversy, to have adjusted all the rights and equities of the parties, in order to have administered full and complete relief. This point is well settled by the authorities. *Keeton v. Spradling*, 13 Mo. 321; *Corby v. Bean*, 44 Mo. 379. (4) The action of the lower court in tacking on to the judgment, in plaintiff's favor, the clause postponing its payment until the demands of all other creditors of Benedict, Melone & Company were first paid out of their assets, in the receiver's hands, was clearly unauthorized by the pleadings, was repugnant to said judgment, and otherwise, without warrant of law. (5) Neither the defendant, Stewart, nor any of the defendant creditors, can be heard to question the finding of the lower court in plaintiff's favor as to the acceptances. If they had desired to do so, they should have had the lower court pass upon their objections and then prosecuted their appeal or writ of error. *Boyse v. Burt*, 34 Mo. 74; *Long v. Story*, 13 Mo. 4; *Cornelius v. Grant*, 8 Mo. 59; *Bevin v. Powell*, 83 Mo. 365. (6) The writ of error in this case has been prosecuted for the purpose of having an adjudication by the court upon the question whether the judgment appealed from should be modified and corrected, so as to be consistent with the issues made by the pleadings and sustained by the proofs in the case, and not for the purpose of reversing and modifying such judgment, in so far as it determines the issue of debt submitted by the pleadings. As to the power of the appellate court to correct such errors, on a writ of error, or even in case of an appeal in the nature of a writ of error, there seems to be no question, and, in fact, we do not understand that the respondents contend that it cannot be done in a proper case. *Harbor v. Railroad*, 32 Mo. 423. An error in the court in rendering judgment can only be corrected by appeal or writ of error. *Smith v. Best*, 42 Mo. 185; *Lewis v. Railroad*, 59 Mo. 495; *Downing v. Still, Adm'r*, 43 Mo. 309, 318.

*W. J. Ward* for defendants in error.

(1) The members of one partnership cannot at law sue another partnership where one member of the firm suing is a member of the firm sued. *Portland Bank v. Hyde*, 2 Fairfield [Me.] 196 ; *Blasdell v. Ladd*, 14 N. H. 129 ; *Livingston v. Livingston*, 2 Mills [S. C. Const.] 428 ; *Calvit v. Markham*, 3 How. [Miss.] 343 ; *Rogers v. Rogers*, 5 Iredell Eq. 31 ; *Chapman v. Evans*, 44 Miss. 113. (2) The firm of Melone, Epperson & Shepherd, not being able to sue at law, their assignee could not do so, he having no greater right than themselves. See the case of *Portland Bank v. Hyde*, 2 Fairfield [Me.] 196, where the question is fully discussed, and which is directly in point in this case. (3) An assignee does not and cannot possess any other or greater right than his assignor. *Heinrick v. Wood*, 7 Mo. App. 236 ; *State to use v. Rowse*, 49 Mo. 586. (4) The assignor could not come into court and sue himself, and his assignee cannot do it. The petition did not state a cause of action, and the point can be raised for the first time here. *McIntire v. McIntire*, 80 Mo. 470 ; *Miller v. Davis*, 50 Mo. 572 ; *Bateson v. Clark*, 37 Mo. 31 ; *Sweet v. Maupin*, 65 Mo. 65. (5) This was a case that no law court could have jurisdiction of, for the reason that it had no power to bring the parties into court and settle all of the rights of the partners and creditors of both firms ; and if it could not do it, how could it render a judgment here, and, if it could not do that, then it had no jurisdiction of the cause itself ; for if it could not afford just relief, then it could not claim the right to attempt it, and could, therefore, have no jurisdiction of the subject matter of the suit.

NORTON, J.—This is a suit by Samuel J. Wilson, assignee of a partnership, consisting of James B. Me-,

lone, Charles G. Epperson and John Shepherd, against Charles H. Benedict, Richard A. Melone and James B. Melone, also a partnership, and which was, at the time this suit was brought, insolvent, and its assets in the hands of a receiver, Charles Stewart. After the suit was brought some of the creditors of the last named firm, as well as its receiver, were allowed to defend against the claim of the assignee, Wilson.

The plaintiff's action is one at law and was brought to recover from the firm of Benedict, Melone & Company, the amount of certain bills of exchange and acceptances. Some of the creditors of the defendant firm were allowed to defend against the claim, and in their answer, after denying the liability of said firm, set up that their claim having accrued prior to the appointment of Stewart as receiver of the firm of Benedict, Melone & Company, that plaintiff was not entitled to share in the money and property in the hands of said receiver, but that the same should be distributed to the *bona fide* partnership creditors. The answer of the receiver, besides being a general denial, set up that the bills of exchange sued on were wholly without consideration, and that this was known to plaintiff's assignor and that they had paid nothing for them.

On the trial, judgment was rendered for plaintiff for the amount of the bill sued on, in which judgment it is provided that Stewart, the receiver of the firm of Benedict, Melone & Company, should not pay out of the assets of said firm any part of the judgment till after all the allowed claims of all the other creditors of said firm had been paid, and that, after the payment of them, whatever, if anything, remained, should be applied in payment of the judgment. From this judgment, plaintiff prosecutes a writ of error and claims it to be erroneous because the payment of his judgment by Stewart, the receiver, was postponed till after the claims of all other creditors allowed by him had been fully satisfied.

On the other hand, it is claimed by defendants, none of whom appealed, that it appeared from the petition that J. B. Melone was common member of the plaintiff firm suing its assignee, and of the firm sued, and that, by reason thereof the petition was not sufficient to support any judgment whatever. If the petition disclosed the above fact on its face it would undoubtedly have been subject to demurrer, as it seems to be well settled that in an action at law a party cannot be both plaintiff and defendant ; or, in other words, that a party cannot sue and recover a judgment against himself. *Faulkner v. Faulkner,* 73 Mo. 339. The claim that the petition shows this is based on the bare fact that a person by the name of J. B. Melone is a member of the plaintiff firm, and that a person by the name of J. B. Melone is also a member of the defendant firm of Benedict, Melone & Company. The rule that, from identity of name identity of person may be presumed, has no application in this case, and cannot be extended so far as to uphold as an inference that when a plaintiff sues a defendant having the same name as that of plaintiff, that both persons are one and the same person. The record before us presents an action at law, pure and simple, and the judgment rendered is clearly erroneous in that it undertakes to adjust the equities of the creditors of the defendant firm by postponing the payment of the judgment.

For this reason the judgment will be reversed and the cause remanded, when the pleadings can be so amended as to call into exercise the equitable powers of the court and the rights of the parties settled on equitable principles. All concur.