## CHICAGO CITY RAILWAY COMPANY
### v.
## WILLIAM BLANCHARD.

*Judgments—Assignment of—Filing—Notice.*

The filing of the assignment of a judgment and the placing of the same upon the judgment record is not sufficient to establish as against all persons a complete title in the assignee.

[Opinion filed December 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE DRIGGS, Judge, presiding.

Mr. C. M. HARDY, for appellant.

Messrs. WINTERS & COY, for appellee.

WATERMAN, J. On the 12th of July, 1889, Wm. Blanchard obtained in the Circuit Court judgment against the Chicago City Railway Co. for $99.44 and costs. On the 29th of July the Railway Company appealed to this court. About August 1, 1889, Blanchard assigned his judgment to Charles Carpenter. August 5, 1889, the assignment was filed with the clerk of the Circuit Court, and entered by the clerk upon the records and judgment docket of that case. March 10, 1890, the judgment of the Circuit Court was affirmed by this court. March 11, 1890, one Matthias Rees commenced an attachment proceeding against William Blanchard, before O. J. Lyons, a justice of the peace.

The attachment writ was made returnable March 17, 1890, and was served upon the Railway Company as garnishee, and returned not found as to Blanchard. Publication notice to Blanchard was made, the cause being continued to April 2, 1890.

Upon that day appellant answered, admitting its indebtedness to Blanchard, and judgment was thereupon entered

against him by default for $63 damages and $8.60 costs, and against appellant as garnishee for the same amount.

About April 15, 1890, appellant's agent went to Mr. Coy, one of appellee's attorneys in his suit against appellant, told him of the attachment proceedings and garnishee judgment, and offered to pay to him the *balance* of the judgment in the Circuit Court in the case of Blanchard against appellant. This Coy declined to accept. About April 15, 1890, appears to have been the first time that appellee or any of his attorneys had any actual notice of the attachment proceedings against him, at which date appellant was informed that Blanchard no longer owned the judgment he had obtained. April 24, 1890, the garnishee judgment appears to have been paid by appellant; April 29, 1890, an execution for the entire amount of the judgment in the Circuit Court was issued.

On the 21st day of June, 1890, appellant, upon a showing by affidavit of the attachment proceedings and its payment of the garnishee judgment, and that it had no notice of any assignment of the judgment until after the entry of the garnishee judgment against it, moved in the Circuit Court that the sheriff be ordered to credit upon the said execution he held against it the amount it had so paid. The court refused to so order, and from the order denying its motion appellant appeals.

It thus appears that without actual notice that there had been any assignment of the Blanchard judgment, appellant, in an attachment proceeding, answered, admitting its indebtedness, and thereupon judgment for the use of the attaching creditors was rendered against it as garnishee. The question therefore presented to us is: Was the filing of the assignment in the Circuit Court, and the placing of the same upon the judgment record and docket, constructive notice to appellant?

The statutes of this State nowhere provide that the recording of an assignment of a judgment shall be notice. Such assignments are not required to be recorded, and there is no statute directly providing for, or permitting the making of such record. The act of June 16, 1887, requires the clerk to keep a judgment and execution docket, showing the date, nature and amount of judgments; and directs that " a blank

Chicago City Ry. Co. v. Blanchard.

column shall be kept in which may be entered a note of the satisfaction or other disposition of the judgment." It may be entirely proper for the clerk under this provision to enter a note of an assignment, but the statute does not provide that such minute shall be notice. The rule, as stated in Wade on Notice, Sec. 119, is: That an instrument, which is not required to be recorded, nor even mentioned in the statutes among those which may be recorded, would not be regarded as one contemplated by the Legislature as a recordable instrument; consequently, should it be copied upon the records, such copy would not amount to constructive notice to any one. To the same effect is James v. Morey, 2 Cowen, 246–288; Betser v. Rankin, 77 Ill. 289; Bourland v. County of Peoria, 16 Ill. 538.

It is urged that appellant, as garnishee, voluntarily answered and suffered judgment to go against it. The answer of appellant can hardly be called voluntary. It was summoned into court and compelled to state the truth. As is said in Dodd v. Brott, 1 Minn. 205, a case very similar to this, there was but one answer it could make, and make truly, and that was, that it was so indebted.

The entry upon the judgment record of the assignment is not sufficient to establish, as against all persons, a complete title in the assignee. Adams v. Henning, 9 La. An. 225; Witowski v. Boice, 40 La. An. 273; Dumma v. Sherman, 20 La. An. 96; Cole v. Brewer, 5 B. J. Lea, 318.

The cases cited by counsel for appellee from Howard's Practice Repts. and 33 Cal., were each instances of voluntary payments by the debtor, of judgments *not* standing against him. In Brown v. Ayers, 33 Cal. 525, the court say that had the defendant made the payment under a valid, judicial decree, the case might require other and perhaps different consideration. In the case at bar, appellant paid the garnishee judgment under what was, so far as appears, a perfectly valid judgment against it.

The order of the court, denying the motion of appellant for an order upon the sheriff, is reversed and the cause remanded.

*Reversed and remanded.*