[Civil No. 749.   Filed March 25, 1901.]

[64 Pac. 414.]

J. M. ALLEN et al., Defendants and Appellants, v. J. W. EVANS, Administrator of Robert Garside, Deceased, Plaintiff and Appellee.

1. JUDGMENTS — COLLATERAL ATTACK — RECORD—PRESUMPTIONS—NONE OF IDENTITY OF PERSONS FROM IDENTITY OF NAMES—VALIDITY— EJECTMENT—BRYAN V. KALES, 3 ARIZ. 423, 31 PAC. 517, FOLLOWED. —Plaintiff brought an ejectment suit to recover possession of certain premises, his title resting in part upon a sale thereof, under a judgment entered in an action by K. against K., adminis-

trator. *Held,* that a judgment in an action is an adjudication that the court had jurisdiction, and on collateral attack it will not be presumed from a mere identity of names that the parties were identical and the judgment invalid.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. R. E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Baker & Bennett, for Appellants.

Thomas Armstrong, Jr., for Appellee.

DAVIS, J.—On the sixth day of July, 1894, George W. Hoadley, as administrator of the estate of Robert Garside, deceased, brought suit in the district court of Maricopa County against J. M. Allen and W. B. Casey to recover the possession of certain real estate situate in said county, and for the value of the rents and profits thereof. The complaint was in the usual form in ejectment cases. The answer of the defendants was a general denial of the allegations of the complaint. Hoadley subsequently resigned as administrator of the Garside estate, and was succeeded in the trust by J. W. Evans. The latter was substituted as party plaintiff, and the action thereafter proceeded in his name. Upon the trial in the court below the plaintiff obtained judgment for the recovery of the possession of the disputed premises, and also for the sum of $1,680, as the value of the rents and profits for the period during which possession was unlawfully withheld by the defendants. From this judgment of the district court the defendants prosecuted an appeal.

It appears from the record that the real estate in controversy is the southeast quarter of section 33, township 2 north, range 3 east, Gila and Salt River Meridian, and that on January 28, 1881, the legal title thereto became vested in Jonathan M. Bryan, the common source from which both the appellee and the appellant Allen claim title. It further appears that on August 28, 1883, Bryan died intestate, seized of these premises, encumbered by a mortgage of twelve hundred dollars, which he had executed in his lifetime to one M. W. Kales. In his estate were also several other parcels of realty,

upon which were encumbrances of a similar nature in favor of the said-named mortgagee. After the death of Bryan, M. W. Kales was appointed administrator of the estate, and the record shows that on September 28, 1883, M. W. Kales commenced an action in the district court of Maricopa County against M. W. Kales, administrator of the estate of Jonathan M. Bryan, deceased, for the foreclosure of four certain mortgages upon different tracts of the decedent's realty, including the mortgage upon the premises here in question. Summons was duly issued and served upon M. W. Kales, administrator as aforesaid, and on October 6, 1883, the said defendant filed an answer to the suit, in which he admitted each and every allegation of the complaint, and consented that judgment be entered in accordance with the prayer thereof. A decree was entered in said cause on October 16, 1883; and in pursuance thereof the several parcels of real estate were sold to satisfy the mortgage liens thereon. The tract involved herein was sold, at public sale, to the appellee's intestate, Robert Garside, for the sum of fifteen hundred dollars. In due course he received a sheriff's deed for the premises, entered upon and continued in the possession thereof until May 26, 1887, when he sold and conveyed the same to one J. De Barth Shorb, taking back a mortgage to secure an unpaid portion of the purchase money. Through the foreclosure of this latter mortgage, the Garside title returned to the estate now represented by the appellee. The appellants based their claim to said premises upon a consecutive chain of transfer to the said J. M. Allen, commencing with a quitclaim deed executed on June 29, 1887, for the expressed consideration of one dollar, by Vina Bryan, the widow and sole heir of Jonathan M. Bryan, deceased, and upon possession taken by the said W. B. Casey, on or about March 27, 1894, as the lessee of Allen.

Several propositions of error are assigned which have relation to rulings made by the trial court in favor of the admissibility of the documentary evidence offered in support of the appellee's title, and to certain findings which are predicated thereon. It is contended by the appellants that the judgment in the district court case of Kales against Kales, administrator, is void upon its face, and that neither the judgment-roll nor the subsequent muniments dependent thereon can constitute any evidence of title in the appellee, and it is in

support of this contention that the entire argument of their counsel is directed. The case, therefore, as we view it, depends wholly upon the effect of that judgment in this collateral proceeding, and, thus narrowed, we consider that the question sought to be raised has previously been adjudicated and settled by this court in *Bryan* v. *Kales,* 3 Ariz. 423, 31 Pac. 517, where it was similarly involved. In support of the holding in that case, Mr. Justice Sloan, delivering the opinion of the court, said: "I am of the opinion that if upon the face of the record in the suit of Kales against Kales, administrator, it appeared that M. W. Kales, plaintiff, was the same person as M. W. Kales, administrator, the judgment entered in said cause must be treated as utterly void, and no evidence of title in the purchaser under the foreclosure sale of the mortgaged premises made under it. That adversary parties are essential in every cause is fundamental almost. One may not sue himself any more than he may contract with himself. Neither may one sue himself in a representative capacity; for, after all, there is but one person before the court as plaintiff and defendant, and no refinement of reason can, without violence to common sense and manifest absurdity, make it appear otherwise. The authorities, so far as I have investigated, are unanimous that no suit can be maintained by an individual against himself as an administrator of an estate. It is not the case of a trustee dealing with himself, which is sometimes permitted, but the altogether different question of a want of jurisdiction in the court to render a judgment without adversary parties before it. . . . It is settled doctrine that a domestic judgment of a court of record, unless directly impeached, imports absolute verity as to every jurisdictional fact of which the record speaks, and is clothed in the conclusive presumption that every jurisdictional fact exists of which the record may be silent. It is essential, therefore, to determine whether the record in the foreclosure suit of Kales against Kales, administrator, disclosed the fact that M. W. Kales, the mortgagee and plaintiff, was the same person as M. W. Kales, administrator and defendant, in said suit. It is strongly urged by the counsel for the appellant that this fact does appear upon the face of the record of that cause, inasmuch as it should be presumed alone from the similarity of names, applying the rule of evidence that identity of names

is *prima facie* evidence of identity of persons. An examination of authorities will show that this rule of evidence is not one of universal application; that it grew out of the general presumption in favor of the validity of contracts, the regularity of land titles, and the integrity of records; that wherever its effect would be to negative these general presumptions, the reason of the rule ceasing to exist, the rule itself becomes inoperative; that hence it can have no application to a case like the one at bar, if, indeed, it applies at all to a judgment of a court of record, where the result of its application would be to impeach and destroy its effect as a valid and binding estoppel of record. . . . Aside from the consideration of the cases, there does not seem to be any sufficient reason why it should be presumed, from the mere similarity of names, that the court would entertain jurisdiction and enter its judgment in a case where both the plaintiff and defendant are one and the same person, when, as a matter of fact, they may have been different persons. I am therefore of the opinion that the judgment in the case of Kales against Kales, administrator, was not open to attack in this action; it being upon its face regularly entered in a cause of which the court had jurisdiction of the subject-matter, and presumptively of the parties to the action.'' To what was said in *Bryan* v. *Kales, supra,* all of which is equally applicable to the case at bar, it might be added that the judgment itself was an adjudication that the court had jurisdiction, and on collateral attack was conclusive, except as to infirmities shown in the judgment-roll. To permit its validity to be impeached in a collateral action by facts *aliunde* the record would, it seems to us, be to overturn the foundation of judicial proceedings. Attributing, then, for the purposes of this case, absolute verity to the judgment in Kales against Kales, administrator, the evidence of the title derived through it is sufficient to sustain the essential findings upon which the judgment in this case rests. The judgment appealed from is therefore affirmed.

Sloan, J., and Doan, J., concur.

Street, C. J., having been of counsel, took no part in this decision.