[L. A. No. 2879.   Department One.—June 6, 1912.]

THE BUCKEYE REFINING COMPANY (a Corporation), Appellant, v. JOHN W. KELLY et al., Respondents.

JUDGMENT—SATISFACTION BY DEBTOR PENDING APPEAL—PAYMENT ON EXECUTION AGAINST JUDGMENT CREDITOR.—A judgment debtor, pending an appeal by him from the judgment, may waive his right to prosecute the appeal, and may satisfy the judgment by paying the amount thereof on an execution levied thereon against the judgment creditor. He may do so, even if execution of the judgment had been stayed by an undertaking.

ID.—SATISFACTION OF JUDGMENT AFTER PARTIAL ASSIGNMENT—ABSENCE OF NOTICE OF ASSIGNMENT—FILING ASSIGNMENT NOT CONSTRUCTIVE

NOTICE.—Such a payment operates as a satisfaction of the judgment, as against a prior assignee of a part interest therein, if the judgment debtor, at the time of the payment, had no notice of the assignment. In the absence of a statute giving it such effect, the filing of the assignment in the office of the clerk of the superior court in which the action was pending does not operate as constructive notice of the assignment.

ID.—BURDEN OF PROVING NOTICE ON ASSIGNEE.—On a motion by the judgment debtor to have such satisfaction entered of record, the burden is on the assignee of a part of the judgment of affirmatively showing that the judgment debtor had notice of the assignment before paying the judgment.

ID.—VALIDITY OF JUDGMENT ON WHICH EXECUTION ISSUED—COLLATERAL ATTACK.—On such a motion, the assignee cannot, for mere error in the exercise of jurisdiction, attack the validity of the judgment on which the execution issued against his assignor.

ID.—SAME PERSON AS PLAINTIFF AND DEFENDANT—PRESUMPTION—IDENTITY OF NAMES—DIFFERENCE IN PERSONALITY PRESUMED IN FAVOR OF JUDGMENT.—Notwithstanding the established rule that the same person cannot be both plaintiff and defendant in an action, even though he sue in one capacity and defend in another, if the action has gone to judgment, and the judgment is made the subject of collateral attack, mere identity of name will not be taken to establish that the plaintiff and the defendant are the same person. On the contrary, as every presumption is in favor of the judgment, it will be presumed that the plaintiff and the defendant, although bearing the same name, were different persons.

ID.—DISQUALIFICATION OF SHERIFF—LEVYING EXECUTION ON JUDGMENT AGAINST HIMSELF.—A sheriff is not disqualified, under section 4172 of the Political Code, from levying an execution issued in an action in which he was not a party on a judgment recovered against himself and his sureties in another action.

ID.—PAYMENT OF JUDGMENT WITHOUT LEVY OF EXECUTION.—Even if the sheriff were disqualified, on general principles, from levying the execution upon the judgment against himself and his sureties, the other judgment debtors had the right, under section 716 of the Code of Civil Procedure, after the execution had been regularly issued, to satisfy the same without a formal levy. Upon making such payment, and the money having gone to the party entitled to receive it, they were entitled to have the judgment against them satisfied of record.

APPEAL from an order of the Superior Court of Kern County directing entry of satisfaction of judgment. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, and George E. Whitaker, for Appellant.

W. W. Kaye, for Respondents.

SLOSS, J.—Appeal by plaintiff from an order directing entry of satisfaction of judgment.

The action was commenced in September, 1906, to recover damages against Kelly, the sheriff of Kern County, and the sureties on his official bond, for the wrongful seizure by said Kelly, under a writ of attachment against the property of third persons, of personal property belonging to the plaintiff. On February 9, 1909, a judgment for three thousand dollars with interest and costs, was entered in favor of the plaintiff and against the sheriff and his sureties. On April 9, 1909, the defendants appealed from the judgment and on April 25, 1910, they appealed from an order denying their motion for a new trial. These appeals are still pending.

In the meanwhile the plaintiff, by reason of its failure to pay the corporation license-tax imposed by the act of March 20, 1905, and its amendments (Stats. 1905, p. 493; Stats. 1906, p. 22), had forfeited its corporate charter, and the power to settle its affairs and to maintain or defend any action pending in favor or against it, had, under section 10a of said act, become vested in its directors as trustees. The directors upon whom this trust devolved were the five following named persons: W. E. Pettibone, John Mitchell, J. F. McVean, Jennie McVean, and I. J. McVean. On March 29, 1909, three of said persons, to wit, J. F., Jennie, and I. J. McVean, as trustees of the Buckeye Refining Company, signed a paper whereby they undertook to sell and assign to E. L. Foster one-third of the judgment recovered by the plaintiff in this action Said paper was filed in the office of the clerk of the superior court on March 31, 1909.

In August, 1909, John Mitchell, as trustee under a mortgage or deed of trust executed by the Buckeye Refining Company to secure an issue of corporate bonds, filed his amended and supplemental complaint in an action against the directors and trustees of the defunct corporation, and in said complaint prayed judgment "that there is due the plaintiff, on the bonds

issued, sold and delivered under the terms of said trust deed, the sum of $11,219.85,'' with interest and attorney's fees; that plaintiff's title to the premises covered by the instrument be quieted, and for ''other and further relief.'' The complaint alleged, among other things, that the property thus securing the bonds issued by the corporation had been sold under a decree foreclosing the lien of a prior mortgage, and that the plaintiff, as trustee for the bondholders, had redeemed said property from the sale. Some of the defendants having defaulted, and others having answered admitting the allegations of the complaint, the court on November 27, 1909, entered its judgment that the plaintiff, as trustee, have and recover from the defendants Pettibone, Mitchell, J. F., Jennie, and I. J. McVean as directors and trustees of the Buckeye Refining Company, the sum of $12,255.55 and costs. Execution was issued and was levied on November 29, 1909, on the judgment owing by the defendants in this action of Buckeye Refining Company *v.* Kelly et al. Upon such execution the sheriff collected from the defendant sureties the sum of $4,050.85, and, after deducting his fees, commissions, and expenses, paid the balance, $4,024.35, to the attorney for plaintiff in the action in which the execution had issued. The sheriff's return, showing these facts, was duly filed.

Thereupon the defendants in this action moved the court to direct the clerk to enter satisfaction upon the ground that the judgment had been fully satisfied by payment to the sheriff on execution in the action brought by Mitchell, and the court granted the motion. The plaintiff appeals from the order so made.

It may be questioned whether the plaintiff corporation, having ceased to have any corporate existence, is in a position to take an appeal or to maintain any other proceeding in its own name. But as no point is made on this, we pass to a consideration of the appeal on the merits.

The right of the defendants, as persons indebted to the judgment debtors in Mitchell *v.* Pettibone, to pay to the sheriff holding an execution in that action the amount of their debt, is not, as a general proposition, questioned. (Code Civ. Proc., sec. 716.) Nor can there be any doubt of the power and duty of the court to order the entry of satisfaction of the judgment in the case of Buckeye Refining Company *v.* Kelly, if

that judgment had been in fact satisfied. (Code Civ. Proc., sec. 675.) The appellant, however, raises the following objections to the validity of the proceedings here taken:

1. It is urged that the appeals from the judgment against Kelly and his sureties, and from the order denying their motion for a new trial, removed jurisdiction of the case to the supreme court, and ousted the superior court of future jurisdiction pending the appeal. There is no merit in this contention. It is true that the compulsory payment of a judgment pending appeal, does not deprive the defendant of his right to have the judgment reviewed. (*Warner Bros. Co.* v. *Freud,* 131 Cal. 639, [82 Am. St. Rep. 400, 63 Pac. 1017].) Perhaps, therefore, satisfaction should not be entered over the defendant's objection. But the right to prosecute the appeal, notwithstanding payment, is a right of the appellant, not of the respondent. If the judgment debtor elects to have the judgment satisfied, and to waive his appeal, it is no concern of the judgment creditor. Here the defendants moved to have satisfaction entered. They may thereby have opened the door to a dismissal of their appeal, but the plaintiff certainly cannot object to their satisfying its judgment, merely because they have taken an appeal. This would be true even if execution had been stayed by an undertaking, which does not appear to have been done.

2. The claim is made that the money was improperly paid to the judgment creditor of the trustees of the plaintiff corporation, because there had been a prior assignment of one-third of such judgment to E. L. Foster. Irrespective of any other consideration, we think the court below properly disregarded this assignment because it covered only a part of the judgment. An assignment of a portion of a judgment, according to most of the authorities, has no effect against the judgment debtor unless made with his consent or ratified by him. (23 Cyc. 1418; *Thomas* v. *Rock Island etc. Min. Co.,* 54 Cal. 578; *Loomis* v. *Robinson,* 76 Mo. 488; *Burnett* v. *Crandall,* 63 Mo. 410; *Hopkins* v. *Stockdale,* 117 Pa. St. 365, [11 Atl. 368]; *Lewis* v. *Third St. R. Co.,* 26 Wash. 28, [66 Pac. 150]; *McMurray* v. *Marsh,* 12 Colo. App. 95, [54 Pac. 852].) This is in accord with the general rule governing partial assignments of choses in action. The creditor cannot split his demand, and by assignment of a portion thereof impose upon

the debtor the legal obligation of paying the assignee. (*Clancy* v. *Plover,* 107 Cal. 272, 275, [40 Pac. 394].) There is no evidence in the record that the judgment debtors in the case at bar ever consented to the assignment of one-third of the judgment to Foster. Indeed, the fact that they paid the entire judgment on an execution against the trustees of the original plaintiff tends, rather, to show affirmatively a want of such consent.

Some of the cases hold, however, that a partial assignment of a chose in action is not entirely ineffectual, even though it be without the assent of the debtor. While it is universally conceded that such assignment vests in the assignee no legal title to any part of the demand, these cases declare that an equitable interest is thereby created. (23 Cyc. 1418.) Such was the ruling of this court in *Grain* v. *Aldrich,* 38 Cal. 514, [99 Am. Dec. 423].

But the fact that an equitable interest in the judgment had been transferred to Foster would not affect the rights of the parties here. Even if there had been a valid legal assignment, the judgment debtors would be protected if, without notice of the assignment, they had paid the judgment to the assignor. (*Hogan* v. *Black,* 66 Cal. 41, [4 Pac. 943] ; *Dodd* v. *Brott,* 1 Minn. 270, [66 Am. Dec. 541] ; *Frissell* v. *Haile,* 18 Mo. 18; *Chicago C. Ry. Co.* v. *Blanchard,* 37 Ill. App. 391; *McCarver* v. *Nealey,* 1 G. Greene (Iowa), 360; *Vance* v. *Hickman,* 95 Ill. App. 554.) There is nothing in the bill of exceptions to show that Kelly or his sureties (the judgment debtors) had actual notice of the assignment in this case. All that appears is that the assignment was filed, and this filing cannot operate as constructive notice in the absence of a statute providing that it shall have that effect.

The only question, then, is whether the judgment debtor has the burden of showing that he had no notice when he made the payment, or whether the burden of showing notice before payment is on the assignee. Whatever might be said in the case of a valid legal transfer of the judgment, it is clear that where the assignee has only an equitable interest, he is bound to show affirmatively that the judgment debtor had notice of the equitable interest before paying to the party holding the legal title. (*Bell* v. *Pleasant,* 145 Cal. 410, [104 Am. St. Rep. 61, 78 Pac. 957].)

3. An attack upon the validity of the judgment and execution in Mitchell *v.* Pettibone is made on the ground that the action was for the foreclosure of a mortgage, and that, therefore, a judgment for the recovery of money outright should not have been given, but only a judgment for a sale of the mortgaged property, with provision for the recovery of such deficiency as might remain after sale. (Code Civ. Proc., sec. 726.) We need not inquire whether, as is claimed by the respondents, certain facts shown by the record take the case out of the operation of the rule relied on. Assuming that Mitchell *v.* Pettibone was an ordinary action for the foreclosure of a mortgage, the complaint prayed for general relief, and the court, at most, committed error in giving the judgment which was given. Such judgment was not void, and its validity could not be questioned, as is attempted here, on collateral attack.

4. It is suggested that the judgment in Mitchell *v.* Pettibone is invalid for the reason that the action was instituted by John Mitchell, as trustee under the mortgage or deed of trust, against John Mitchell and others, as trustees of the defunct corporation. It is no doubt the established rule that the same person cannot be both plaintiff and defendant in an action, even though he sue in one capacity and defend in another. (*Brown* v. *Mann,* 71 Cal. 192, [12 Pac. 51]; *Byrne* v. *Byrne,* 94 Cal. 576, [29 Pac. 1115, 30 Pac. 196].) But where the action has gone to judgment, and the judgment is made the subject of collateral attack, mere identity of name, which is all that appears here, will not be taken to establish that plaintiff and defendant are one and the same person. On the contrary, as every presumption is in favor of the judgment, it will be presumed that the plaintiff and the defendant, although bearing the same name, were different persons. (*Bryan* v. *Kales,* 3 Ariz. 423, [31 Pac. 517]; *Allen* v. *Evans,* 7 Ariz. 354, [64 Pac. 414]. See, also, *Dorente* v. *Sullivan,* 7 Cal. 279; *Wilson* v. *Benedict,* 90 Mo. 208, [2 S. W. 283].)

5. It is claimed that the sheriff was disqualified under section 4172 of the Political Code to levy the execution because he was himself a defendant in Buckeye Refining Company *v.* Kelly. The case does not come within the terms of the statute cited. Section 4172 provides that "when the sheriff is

a party to an action or proceeding, the process and orders therein . . . must be executed by the coroner.'' The statutory disqualification goes only to the execution of process in the action to which the sheriff is a party. The writ here in question was issued in the action of Mitchell *v.* Pettibone, to which the sheriff, Kelly, was not a party.

But, without regard to the code provision, it may well be claimed, on general principles, that the sheriff should not act when, for any reason, he is personally interested in the matter of the enforcement of process. (Freeman on Execution, sec. 99a.) The levy of execution upon a judgment against himself (and others) is no doubt such a matter. But, conceding the invalidity of the *levy*, we think the order directing entry of satisfaction of judgment should still be sustained. The *issuing* of execution in Mitchell *v.* Pettibone was perfectly regular. The sheriff had a right to take the writ and could lawfully have enforced it against any property of the defendants other than their judgment against him and his sureties. If, then, he held a valid execution, the other defendants and judgment debtors in Buckeye Refining Company *v.* Kelly, had the right, under section 716 of the Code of Civil Procedure, to pay the amount of their debt without any levy of the execution. (*Skelly* v. *Westminister School Dist.*, 103 Cal. 652, [37 Pac. 643].) Having so paid, and the money having gone to the party entitled to receive it, they were entitled to have satisfaction entered.

The order is affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.