(December 30, 1922.)

## K. D. HOUTZ and CHESTER GREENE, Respondents, v. DAVID M. DANIELS, Appellant.

[211 Pac. 1088.]

JUDGMENT—ASSIGNMENT—SATISFACTION—JUDGMENT CREDITOR — NOTICE —GARNISHMENT.

1. A judgment debtor, who in good faith, in answer to garnishment process, issued by a judgment creditor of his creditor, pays the amount of the judgment to the sheriff and takes his receipt therefor, without notice of an assignment of the judgment, will not be compelled to pay the amount of the judgment to the assignee,

and the court on motion should quash the execution and direct the judgment satisfied.

2. An assignment of a judgment in this state is not a recordable instrument and the recording of the same does not constitute constructive notice.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. R. M. Terrell, Judge.

Appeal from order denying motion to quash and vacate writ of execution and refusing to satisfy judgment. *Reversed.*

D. W. Standrod and T. D. Jones, for Appellant.

The district court has authority to stay an execution on motion and to order the entry of satisfaction of judgment when the judgment has in fact been satisfied. (C. S., sec. 6906; *Sanchez v. Carriage,* 31 Cal. 170; *McMillan v. Hayward,* 84 Cal. 85, 24 Pac. 151; *Frevert v. Swift,* 19 Nev. 400, 13 Pac. 6; 10 R. C. L. 1249–1251; *Tanner v. Wood,* 13 Ida. 486, 90 Pac. 733.)

A person served with notice of garnishment may discharge himself by paying or delivering to the officer all debts owing by him to the defendant in a garnishment proceeding, which shall discharge such person from any and all liability to the extent of such payment. (C. S., sec. 6788.)

A judgment debtor in the absence of either actual or constructive notice in some manner from the assignee is protected in his settlement of the judgment either with the judgment creditor or a garnishee of the judgment creditor. (*Boston & Colorado Smelting Co. v. Pless,* 9 Colo. 112, 10 Pac. 652; *Dodd v. Brott,* 1 Minn. 270, 66 Am. Dec. 541; *Smith v. Elver,* 22 Pa. St. 116, 60 Am. Dec. 73; *Seevers v. Wodd,* 12 Iowa, 295; *Yocum v. White,* 36 Iowa, 288; *Wigwall v. Union Coal & M. Co.,* 37 Iowa, 29; 2 Black on Judgments, p. 1407; *Fish v. Hahn,* 56 Misc. 449, 107 N. Y. Supp. 274; *Brochetts v. Boreings,* 131 Ky. 751, 115 S. W. 766; *Greenlee v. Los Angeles Trust & Sav. Bank,* 171 Cal. 371, 153 Pac. 383.)

The recording of an assignment of a judgment with the county recorder in the absence of a statute providing for the same is not constructive notice to anyone. (*Buckeye Refining Co. v. Kelly,* 163 Cal. 8, 124 Pac. 536; *Walters v. Wash. Ins. Co.,* 1 Iowa, 403, 63 Am. Dec. 451; *Vance v. Heckman,* 95 Ill. App. 554; 2 Black on Judgments, p. 1408; 5 C. J. 934; *Dial v. Inland Logging Co.,* 52 Wash. 81, 100 Pac. 157; 3 Tiffany on Real Property, p. 2526; *Curtis Land Co. v. McLaughlin,* 80 N. Y. Supp. 1016; *Gordon v. Rixey,* 76 Va. 694; *Bank v. Campbell,* 41 Nev. 153, 167 Pac. 643; *Hann v. Brettler,* 107 N. Y. Supp. 78; *Hellen v. City of Boston,* 194 Mass. 579, 80 N. E. 603, 16 L. R. A., N. S., 1620; 2 Pomeroy Eq. Jur., sec. 651.)

The statutes of the state of Idaho do not provide for the recording of an assignment of a judgment. (C. S., secs. 3634, 5413–5427; *Wilcoxsen v. Miller,* 49 Cal. 193; *Adler v. Sargent,* 109 Cal. 42, 41 Pac. 799; *Hoag v. Howard,* 55 Cal. 564; *Hull v. Diehl,* 21 Mont. 78, 52 Pac. 782; *Watson v. Dundee,* 12 Or. 474, 8 Pac. 548.)

Bissell & Bird and W. C. Loofbourrow, for Respondents.

The lower court's ruling upon the motion in question will not be disturbed unless it clearly appears that its discretion has been abused. (23 C. J. 545; *Barnett v. Bohannon,* 27 Okl. 368, 112 Pac. 987.)

Recording of assignment of judgment affords constructive notice. (*Campbell's Appeal,* 29 Pa. St. 401, 72 Am. Dec. 641; C. S., secs. 3639, 3640, 5412, 5413, 5423, 5425, 6363, 6902; note, 7 A. & E. Ann. Cas. 423 et seq.; *Scott v. Rohman,* 43 Neb. 618, 47 Am. St. 767, 62 N. W. 46; *Fisher v. Knox,* 13 Pa. St. 617, 53 Am. Dec. 503.)

Judgment debtor Daniels was not discharged by paying amount of judgment to garnisher Douglas. (C. S., 5427, 6788.)

Bissell's assignment is valid and effective to vest title in him, so as to defeat the later garnishment of Daniels by Douglas, irrespective of notice on the part of Daniels. (5 C. J. 960; *Buckeye Ref. Co. v. Kelly,* 163 Cal. 8, 124 Pac.

536; *Fore v. Manlove,* 18 Cal. 436; *Hall v. Kansas City T. C. Co.,* 97 Kan. 103, 154 Pac. 210; *Lampl v. Hawkins,* 106 Kan. 423, 188 Pac. 233; *Porter v. Title Guaranty & Security Co.,* 21 Ida. 312, 121 Pac. 548; 12 R. C. L.; Garnishments, No. 37; *Canterbury v. Marengo Abstract Co.,* 166 Ala. 231, 139 Am. St. 30, 52 So. 388; *Southard v. McBrown,* 63 Cal. 545; *Walton v. Horkman,* 112 Ga. 814, 38 S. E. 105; C. S., sec. 6795; *Robinson v. Weeks,* 6 How. Pr. (N. Y.) 161.)

BUDGE, J.—On April 22, 1920, Richard Douglas recovered a judgment against respondents for the sum of $3,662.56. On February 14, 1921, respondents obtained a judgment against appellant in the sum of $2,000. Respondents, on February 12, 1921, assigned the latter judgment to W. G. Bissell, which assignment was recorded on February 14, 1921. Later on that day, with knowledge of the assignment, Richard Douglas obtained an execution and writ of garnishment on his judgment against respondents and placed them in the hands of the sheriff of Bannock county for service. The same were served upon appellant, who paid to the sheriff the sum of $2,000 and took his receipt therefor. On February 21, 1921, W. G. Bissell caused execution to be issued against appellant on the judgment which had been assigned to him. Appellant had no notice of the assignment until he was served with the Bissell execution. Appellant thereupon moved the court to stay the execution of W. G. Bissell, pending a hearing, and that on such hearing the writ be vacated, quashed and set aside and that the clerk of said court be ordered and directed to satisfy the judgment. A stay was granted until the hearing, at which time the motion was denied. This appeal is from the order denying the motion.

This cause may be disposed of under appellant's first assignment of error, namely, that the court erred in denying appellant's motion to vacate the writ and to satisfy the judgment. Appellant, having paid the amount of the judgment without notice of the assignment and obtained the sheriff's receipt therefor, the judgment was satisfied under the pro-

visions of C. S., sec. 6943. Timely notice of the assignment must be given to the judgment debtor to hold him liable on the judgment. This notice need not be in any particular form but is sufficient if it advises the judgment debtor that the person who recovered the judgment is no longer the owner of it or entitled to collect it. After notice to the debtor of a *bona fide* transfer of the judgment the rights of the assignee will be protected from any and all acts of the original parties.

The correct rule, we think, is stated in the case of *Walters v. Washington Ins. Co.,* 1 Iowa, 404, 63 Am. Dec. 451, as follows: "The true rule in relation to one summoned as the debtor of the principal debtor on an unnegotiable debt is that the assignee of the debt should give notice to the garnishee, of the assignment in time to enable him to show such assignment in his answer, or at least before judgment against him. Having received such notice, if he neglect to show it in defense, he cannot resist a subsequent claim of the assignee; and on the other hand, having shown such assignment, he cannot be charged as garnishee." And further on in the course of that opinion it is said: "Under a law and system of garnishment, this is the only rule which will fully protect the rights of all parties, and save garnishees from being involved in suits and expenses to which the honest ought not to be made subject; and this rule is intelligible, easy, and practicable, determining the respective rights at an early period, instead of allowing the questions relating to them to extend indefinitely into an uncertain future. . . . . . It would seem unjust to hold the garnishee still liable to the assignee, and compel him to go into chancery, or to resort to any other legal proceeding, to protect himself against that judgment, in relation to which he has been in no fault. A notice from the assignee would have saved her debt, and at the same time protected the company."

To the same effect is *Gaullagher v. Caldwell,* 22 Pa. St. 300, 60 Am. Dec. 85, where it is said: "It is impossible to conceive upon what principle of justice a debtor should be prejudiced by an assignment of which he knows nothing. If.

the party whose interest and duty it is to give him notice, so that he can regulate his conduct according to his new relations, make it a point to keep him ignorant, he should certainly not be compelled to suffer, since one man is not to answer for the default of another. Down to the moment of notice, the debtor may do whatever he could legally have done if no assignment had been made.''

In the case of *Buckeye Refining Co. v. Kelly,* 163 Cal. 8, Ann. Cas. 1913E, 840, 124 Pac. 536, at 538, the court makes the following pertinent statement: ''But the fact that an equitable interest in the judgment had been transferred to Foster would not affect the rights of the parties here. Even if there had been a valid legal assignment, the judgment debtors would be protected if without notice of the assignment, they had paid the judgment to the assignor. . . . . There is nothing in the bill of exceptions to show that Kelly or his sureties [the judgment debtors] had actual notice of the assignment in this case.''

In the case of *Dodd v. Brott,* 1 Minn. 270, 66 Am. Dec. 541, the facts being practically identical with those of the case under consideration, it is held: ''Of this assignment [of judgment], however, Brott had no notice. The simple question arises, whether a debtor who pays a debt in good faith to his creditor can be made liable to pay it a second time to his creditor's assignee. If such a rule of law existed, I should not for a moment feel bound to follow it. It is repugnant to common sense and every principle of justice. But no such idea can be supported by authority.''

In the instant case it is insisted that appellant had notice of the assignment of the judgment, by the filing of the same with the county recorder, but as was said in the case of *Buckeye Refining Co. v. Kelly, supra:* ''All that appears is that the assignment was filed, and this filing cannot operate as constructive notice in the absence of a statute providing that it shall have that effect.''

We know of no statute in this state which provides for the recording of an assignment of a judgment with the county recorder. The various sections of the statutes of this state

to which our attention has been called do not provide or permit the filing or recording of an assignment of a judgment. In *Chicago City Ry. Co. v. Blanchard*, 37 Ill. App. 391, at page 393, it is said: "That an instrument, which is not required to be recorded, nor even mentioned in the statutes among those which may be recorded, would not be regarded as one contemplated by the legislature as a recordable instrument; consequently, should it be copied upon the records, such copy would not amount to constructive notice to anyone."

See, also, *Boston & Colorado Smelting Co. v. Pless*, 9 Colo. 112, 10 Pac. 652.

The settled rule would seem to be that a judgment debtor, in the absence of either actual or constructive notice of the assignment of a judgment, before payment thereof, is protected in a *bona fide* settlement of the judgment, either with the judgment creditor or a garnisher of the judgment creditor, and is relieved from further liability under the judgment. (*Drumm v. Sherman*, 20 La. Ann. 96; *Dodd v. Brott*, supra; *Gaullagher v. Caldwell*, supra; 23 Cyc. 1425; 5 C. J. 972, sec. 163; *McGuire v. Pitts' Sons*, 42 Iowa, 535; *Coburn etc. v. Currens & Owens*, 1 Bush (Ky.), 242; *Peterson v. Kingman*, 59 Neb. 667, 81 N. W. 847; *Buckeye Refining Co. v. Kelly*, supra.)

The right of an assignee of a judgment to hold the judgment debtor liable is summarized in the case of *Richards v. Griggs*, 16 Mo. 416, 57 Am. Dec. 240, in the following language:

"The amount of the doctrine is, that the bare assignment of such a chose in action does not pass it away without notice of the fact to the debtor, who thereby is informed of the real holder of the debt. If notice of the assignment is not communicated, it enables the original creditor to commit a fraud, as he may assign a second time, and such assignee, although he may take the precaution of inquiring of the debtor, yet he cannot ascertain from him the fact of a previous assignment, as it has never been communicated to him. . . . . Hence, the modern English decisions have settled that, in order to con-

stitute a valid assignment of a debt of this kind, notice must be given to the debtor, and if, without such notice, he should pay it to his original creditor, he will be protected in it. Or, if, after an assignment, another in good faith should obtain a second assignment for the same thing, and first give notice of his equity, he will be preferred to the first assignee."

In *Meier v. Hess,* 23 Or. 599, 32 Pac. 755, at 756, it is said: "Notice [of assignment] is, indeed, needful, in order to charge the debtor with the duty of payment to the assignee, so that if, without notice, he pay the debt to the assignor or to a subsequent assignee, or on a garnishee process, he will be discharged from the debt. This seems to us to be the better doctrine, as supported by the general course of decisions in this country."

This rule is laid down in 28 C. J., sec. 154, at page 112, as follows: "In all jurisdictions the assignee must, in order to protect his claim, give notice of the assignment to the debtor in time to enable the latter to protect himself from being charged as garnishee of the assignor."

From the record in this case it appears that the assignee was counsel for respondents but that he failed to notify the appellant of the assignment of the judgment. Had he done so appellant could then have alleged the assignment of the judgment as an answer to the garnishment and this would have protected the assignee as well as furnished to the appellant an unassailable defense to it. Douglas' knowledge of the assignment could not be imputed to appellant since there was no relationship between them.

From what has been said it follows that the trial court erred in refusing to vacate the assignee's writ of execution and in refusing to order satisfaction of the judgment, and the cause is therefore remanded, with instructions to the trial court to carry out the views of this court as expressed herein. Costs are awarded to appellant.

McCarthy, Dunn and Lee, JJ., concur.