## JAMES BROWN v. J. J. AYRES et als.

PAYMENT BY A GARNISHEE.—If the judgment creditor assigns the judgment, and the judgment debtor, without notice of the assignment, afterwards pays the same voluntarily to the sheriff by reason of the service of garnishee process upon him, the rights of the assignee are not affected, and he may still enforce the judgment.

PAYMENT OF THE DEBT OF ANOTHER.—Before a person can voluntarily pay the debt of another to whom he is indebted, all the facts authorizing him to do so mentioned in the two hundred and fortieth section of the Practice Act must exist.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

On the 28th day of August, 1866, the plaintiff recovered

a judgment in said Court against the defendants, for five hundred dollars and costs.

Brown, the judgment creditor, immediately assigned the judgment to S. L. Cutter, by an instrument in writing. On the same day, but after the assignment, the Constable collected from the defendants the sum of two hundred and eighty-three dollars and sixty-three cents, on an execution in favor of Dill and others, and against Brown. On the 7th of September, 1866, the Sheriff garnisheed the defendants on a writ of attachment issued out of the District Court at the suit of Vantine and others against Brown, and thereupon the defendants paid the Sheriff two hundred and eighty-six dollars, and took his receipt therefor. Defendants had no notice of the assignment.

On the 1st day of October, 1866, at the request of Cutter, the assignee, an. execution was issued on the judgment of *Brown* v. *Ayres et als.*, and personal property was levied on by the Sheriff. The defendants then tendered to the plaintiff twenty-nine dollars and fifty cents, which sum, with the payments made to the Constable and Sheriff, equalled the amount of the judgment. The defendants then moved the Court to set aside the execution, and for an order directing the Clerk to enter satisfaction of the judgment. The Court made the order, and the assignee appealed from the same.

*Cutter & Washington,* for Appellant.

In order to justify the payment on the attachment, the money so paid must have belonged *at the time of payment* to the plaintiff Brown; otherwise the defendants delivered the money to the Sheriff without authority of law, and in their own wrong. The writ of attachment—the warrant of the Sheriff containing the extent and limitation of his authority—directs him to attach and safely keep *the property of the defendant.* (Prac. Act, Sec. 123.) Could he attach property which did not belong to the defendants? The defendants

had no property in their hands, at the time of the levy under the execution, belonging to the plaintiff, and the Constable could only satisfy the execution out of the property belonging to the judgment debtor at the time of the levy. (Prac. Act, Secs. 210, 217.) The payment to the Constable could in no manner operate to hold the defendants harmless from the judgment held by the assignee.

Not only is our position right upon principle. The question involved in this appeal has been fully adjudicated, and the authorities are clear, direct, and conclusive in favor of the appellant. We call the attention of the Court to the following cases: *Countryman* v. *Boyer*, 3 How. Pr. 386; *Robinson* v. *Weeks*, 6 How. Pr. 161.

*W. P. C. Whiting*, for Respondents.

Let us suppose that this judgment had not been assigned at all, would the payments to the Constable and Sheriff, while it was still the property of Brown, have constituted a defence? No one can doubt it. But the appellant claims that the assignment by Brown to Cutter passed all Brown's interest in the judgment against these defendants, and that therefore they had no property or credits belonging to Brown at the time of the levy of the process under which they paid. That the assignment passed all interest in the judgment *as between Cutter and Brown* we do not deny; but section five of the Practice Act provides that " in the case of the assignment of a thing in action, the action of the assignee shall be without prejudice to any set-off or other defence existing at the time of or before notice of the assignment."

By the Court, SHAFTER, J.:

The plaintiff recovered a judgment against the defendants for the sum of five hundred dollars and costs, and thereafter assigned it for a valuable consideration to S. L. Cutter. Subsequent to the assignment, and before notice thereof to

the defendants, they paid the amount of the judgment, less twenty-nine dollars and fifty cents, to the Sheriff of the City and County of San Francisco, who had served a garnishment upon them in *Dill et al.* v. *Brown*, and to the Constable of one of the townships in said city and county on an execution held by him for collection in *Vantine et al.* v. *Brown*. The question is, whether the payments so made by the defendants to the Constable and Sheriff satisfy the judgment *pro tanto* as against the assignee, Cutter.

The fifth section of the Practice Act is as follows : " In the case of an assignment of a thing in action the action by the assignee shall be without prejudice to any set-off or other defence existing at the time of or before notice of the assignment." The question presented, though a new one in this State, has been twice passed upon in New York. (*Countryman* v. *Boyer*, 3 Howard Pr. 386; *Robinson* v. *Weeks*, 6 Howard Pr. 161; and *Richardson* v. *Ainsworth*, 20 Howard Pr. 530.) It was considered in both cases that the rights of the assignee were unaffected by payments made by the judgment debtor under the two hundred and forty-eighth section of the code (answering to the two hundred and fortieth section of the Practice Act), notwithstanding the judgment debtor making the payment had no notice of assignment. Both cases were thoroughly considered, and the conclusion arrived at is in our judgment correct.

The defendants here, rely upon the fifth section of the Practice Act, as furnishing the test by which the validity of their defence is to be tried. We consider, however, that the question turns upon the two hundred and fortieth section of the Practice Act, rather than the fifth. The fifth section deals generally with the rights of assignees, while the two hundred and fortieth section deals with the powers of judgment and other debtors, under certain very exceptional circumstances, to do a very anomalous thing. Payment of debts by persons having no relations to them, meets with no encouragement at common law. It is apparent that such persons were regarded by it as officious intermeddlers in

other men's matters, though they were spoken of by the milder name of "volunteers." The two hundred and fortieth section of the Practice Act states a case in which a third person may voluntarily pay the debt of another. The facts constituting the special case are all given, and the presence of each fact is essential to the power. There must be a judgment, and an execution thereon against property, and the person making the payment must be indebted at the instant to him against whom the execution runs. If he stands in that relation in fact, at the time indicated, then under the power so conferred, he may administer upon the estate of the execution debtor *pro tanto.* Now at the time the defendants herein paid the two debts to Brown named in the agreed statement, they were not indebted to Brown. They were, in legal judgment, the debtors of Cutter, the assignee, to whose representatives the judgment would have survived in case of his death. Had the defendants made the payments under a valid judicial decree, the case might require further and perhaps different consideration. But Ayres & Co. were not compelled; they yielded to solicitation, paying for no other apparent reason than that they were asked so to do. Before yielding to the request, it behooved them to ascertain to a certainty that all the conditions of the anomalous power they were about to exercise existed in fact; or failing that, to claim an indemnity; and failing that, to leave the parties who approached them to their remedy. If Brown had never assigned the judgment, and the defendants had advanced money for him without his request; or being his agents, had made payments on his account over and beyond their powers, they could not have held him accountable therefor. The payments made in this instance were also *ultra vires,* and they therefore fall within the rule of *volenti non fit injuria.*

Order reversed.

Mr. Justice SANDERSON did not express an opinion.