FÉLIX BENÍTEZ REXACH, now JOAQUÍN SANTANA, Plaintiff and Appellant, *v.* SERGIO MUÑOZ and DOMINGO QUINTANA, Defendants and Appellees.

No. 7175. Argued May 21, 1937.—Decided June 24, 1937.

R. *Buscaglia* for appellant.  *Mimoso, Vendrell & Quirós* for appellee Mr. Quintana.

Mr. Justice Hutchison delivered the opinion of the court.

Félix Benítez Rexach obtained a money judgment against Sergio Muñoz and Domingo Quintana. Benítez then filed, in the district court, a statement to the effect that for value received he had sold, assigned and transferred to Joaquín Santana the said judgment as well as all his rights thereunder. The purpose of this statement, as set forth therein, was that the assignee might be substituted for the plaintiff and might take such action as he should deem proper. Santana then obtained from the secretary a writ of execution and under the authority of this writ, the marshal attached Quintana's property.

The district judge, at the instance of Quintana, annulled the writ of execution because Santana had not been formally substituted as a party to the action. He cited no authority for his ruling. Appellee relies on sections 1163 and 1164 of the Civil Code (1930 ed.), 8 Manresa 436, 439, and 29 *Enciclopedia Jurídica Española* 140. These authorities fail to satisfy us that a formal substitution of parties was a necessary prerequisite to the issuance of a writ of execution by the secretary.

Section 52 of the Code of Civil Procedure (1933 ed.) provides that:

"In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any set-off or other defense existing at the time of, or before, notice of the assignment . . . . "

If Quintana, before the notice of the assignment, had paid the judgment or any part thereof, the assignment would have been, to that extent, inoperative as to him. Santana, by his failure to give immediate notice of the assignment, ran the risk of this or other similar possibilities which might have

deprived him of the right to collect his judgment in whole or in part. Subject to such contingencies, however, he was entitled to a writ of execution. 34 Corpus Juris 636, 640, 644 and 645; 23 Corpus Juris 310, 311; *Curtin* v. *Kowalsky,* 145 Cal. 431; *Brown* v. *Ayres,* 33 Cal. 525; 91 Am. Dec. 655, 657; *Wright* v. *Levy,* 12 Cal. 257; *Buckeye Refining Co.* v. *Kelly* (Cal.), 124 Pac. 536; *Gaullagher* v. *Caldwell,* 60 Am. Dec. 85, 87.

The order appealed from must be reversed and the case will be remanded for further proceedings not inconsistent herewith.

Mr. Justice Córdova Dávila took no part in the decision of this case.