Félix Benítez Rexach, hoy Joaquín Santana, demandante y apelante, *v.* Sergio Muñoz y Domingo Quintana, demandados y apelados.

Núm. 7175.—*Sometido:* Mayo 21, 1937. *Resuelto:* Junio 24, 1937.

R. *Buscaglia*, abogado del apelante; *Mimoso, Vendrell & Quirós,* abogados del apelado Sr. Quintana.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Félix Benítez Rexach obtuvo sentencia contra Sergio Muñoz y Domingo Quintana por cierta cantidad de dinero. Benítez entonces radicó en la corte de distrito una constancia al efecto de que por valor recibido él había vendido, cedido y traspasado a Joaquín Santana dicha sentencia, así como cuantos derechos y acciones pudieran corresponderle como demandante en el caso de epígrafe y de cualesquiera procedimientos relacionados con el mismo. El fin de esta constancia, conforme en ella se decía, fué para que el cesionario pudiera substituir al demandante y ejercer las acciones que creyera pertinentes. Santana obtuvo entonces del secretario un mandamiento de ejecución y bajo la autoridad del mismo el márshal embargó bienes de Quintana.

El juez de distrito, a instancias de Quintana, anuló el mandamiento de ejecución fundado en que Santana no había sido formalmente substituído como parte en el litigio. No citó autoridad para su resolución. Los apelados descansan en los artículos 1163 y 1164 del Código Civil (edición de 1930), en 8 Manresa 436, 439, y en 29 Enciclopedia Jurídica Española 140. Estas autoridades dejan de convencernos de que la substitución formal de las partes fuera un requisito previo necesario al libramiento de un auto de ejecución por el secretario.

El artículo 52 del Código de Enjuiciamiento Civil (edición de 1933) provee:

"En el caso de la cesión de una cosa litigiosa, la acción ejercitada por el cesionario es sin perjuicio de cualquier reclamación en contrario, o de otro derecho existente al tiempo de notificarse la cesión, o antes. . ."

Si Quintana, antes de tener aviso de la cesión, hubiera pagado la sentencia o parte de la misma, hasta ese punto la cesión hubiera sido ineficaz en cuanto a él. Santana, al dejar de hacer notificación inmediata de esta cesión, corrió el riesgo de esta posibilidad, o de otras similares que pudieron

haberle privado del derecho a cobrar su sentencia total o parcialmente. Sin embargo, sujeto a semejantes contingencias, él tenía derecho a un auto de ejecución. 34 Corpus Juris 636, 640, 644 y 645; 23 Corpus Juris 310, 311; *Curtin* v. *Kowalsky,* 145 Cal. 431; *Brown* v. *Ayres,* 33 Cal. 525, 91 Am. Dec. 655, 657; *Wright* v. *Levy,* 12 Cal. 257; *Buckeye Refining Co.* v. *Kelly* (Cal.), 124 Pac. 536; *Gaullagher* v. *Caldwell,* 60 Am. Dec. 85, 87.

*Debe revocarse la resolución apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Córdova Dávila no intervino.