JOAQUÍN SANTANA, Plaintiff and Appellee, *v.* DOMINGO QUINTANA, Defendant and Appellant.

No. 7356. Argued December 17, 1937.—Decided February 24, 1938.

*Mimoso, Vendrell & Mimoso* for appellant. *R. Buscaglia* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

It appears from the record that F. Benítez Rexach brought an action against Sergio Muñoz and Domingo Quintana to recover a debt appearing in a judgment assigned to him by the Banco de Yabucoa. The defendants answered opposing the demand. A trial was had and on August 31, 1931, the court entered a judgment, ordering the defendants to pay to the plaintiff the $3,000 sued for, with interest and costs.

On November 28, 1934, the plaintiff appeared by his attorney to state that he had sold, assigned, and transferred the judgment of August 31, 1931, to Joaquín Santana, the appearance being made so that the assignee might be substituted and take such steps as he might deem proper.

On the same day Santana also appeared, praying for substitution and that, it having been impossible to collect the judgment, an order of execution be entered thereon against the defendants.

Quintana appeared on December 11, 1934, and averred that although an order for substitution had not been entered by the court, the clerk had issued the order of execution and the marshal had pursuant thereto attached certain of his properties. On that ground he prayed that the order of execution be quashed. In another motion bearing the same date he objected to the substitution, averring that the transfer of the judgment was simulated and that it was an assignment of a credit in litigation. Santana asked that Quintana's motion objecting to the substitution be made more definite and certain and that certain material be stricken therefrom. The court vacated the order of execution and granted the motions filed by Santana, giving Quintana ten days to amend his motion.

Both parties asked for reconsideration, and, June 12, 1936, having been set for a hearing, the parties, with the exception of Quintana, appeared. The court overruled Quintana's motion and granted that of Santana, ordering the substitution prayed for and leaving the clerk free to issue the order of execution. Going upon another motion filed by Santana, the court ordered that an attachment levied upon properties of the defendant Muñoz be lifted.

Quintana appealed to this Supreme Court, assigning in his brief two errors alleged to have been committed by the lower court; namely, in approving the substitution of Santana for Benítez and subrogating the former to the rights

of the latter, and in not regarding the assignment from Benítez to Santana as that of a litigated credit.

On November 30, 1937, Santana moved to dismiss the appeal and for the allowance of costs, disbursements, and attorney's fees, and, since the appeal had already been set for hearing on the following December 17, it was agreed to hear the motion and the case on its merits on that date, as was done. Only the appellee appeared and presented oral argument at the hearing.

The fact is that a study of the appeal shows it to be clearly frivolous, and taken and maintained for the sole purpose of delaying the execution of the judgment upon properties of Quintana, one of the defendants adjudged by it to pay the sum claimed.

Not only was the order of the district judge permitting the substitution proper, but his formal order was not even necessary in order to permit the party so substituted to ask for execution on the judgment, as was decided by this Supreme Court in *Santana* v. *Quintana,* 51 P.R.R. _____.

■ With respect to the first assignment and with respect to the second it is sufficient to say that the existence of the litigations to which the appellant refers and the existence of the simulated transfer which he set up were not finally set forth in proper form, much less proved, since he failed to amend his motion in opposition to the substitution and failed to appear at the hearing on his motion for reconsideration, and cannot even be considered through failure of the record to show the facts upon which he bases the proposition discussed in his brief.

Furthermore, even if these matters had been in the record, it has already been held in the case of *Santana* v. *Quintana, supra,* that there is no error. It was there said:

"Section 52 of the Code of Civil Procedure (1933 ed.) provides that:

" 'In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any set off or other defense existing at the time of, or before, notice of the assignment. . .'

"If Quintana, before the notice of the assignment, had paid the judgment or any part thereof, the assignment would have been, to that extent, inoperative as to him. Santana, by his failure to give immediate notice of the assignment, ran the risk of this or other similar possibilities which might have deprived him of the right to collect his judgment in whole or in part. Subject to such contingencies, however, he was entitled to a writ of execution. 34 Corpus Juris 636, 640, 644, and 645; 23 Corpus Juris 310, 311; *Curtin* v. *Kowalsky,* 145 Cal. 431; *Brown* v. *Ayres,* 33 Cal. 525; 91 Am. Dec. 655, 657; *Wright* v. *Levy,* 12 Cal. 257; *Buckeye Refining Co.* v. *Kelly* (Cal.) 124 Pac. 536; *Gaullagher* v. *Caldwell,* 60 Am. Dec., 85, 87."

■ The very authorities which appellant cites are against him. Both—Manresa and the *Enciclopedia Jurídica Española*—in considering what it is a litigated credit, state:

"Similarly, if when the sale is made, the litigation has already been terminated by a final judgment, the credit cannot be characterized as in litigation, however much it may have been theretofore. This characteristic must exist at the moment of the contract." 10 Manresa, *Comentarios al Código Civil,* 377.

"The Code speaks of the case of an assignment of a litigated credit. It does not seem that doubt should have arisen as to this concept. A litigated credit is one subject to litigation, and this must be present, with respect to the moment of the assignment. A credit which was in litigation but which is not *now* so and a credit which may be in litigation, but which is not *yet* in litigation, does not fall within the provisions of section 1535." 27 *Enciclopedia Jurídica Española,* 535.

■ We therefore find ourselves faced with a frivolous appeal, and must give effect to the provisions of Section 327 of the Code of Civil Procedure, as amended by Act No. 69 of 1936 (Session Laws, pp. 352, 354), to-wit:

"Section 327.— .　　.　　.　　.　　.　　.　　.　　.

"The Supreme Court, in case of rashness, shall impose costs on the party against whom judgment or decision is rendered, in addition to the costs in the district court, which costs shall comprise the following disbursements:

"(1) The stamp of five (5) dollars for appeal;

"(2) If the court feels that the appeal has been trivial or that the party has been rash, the court shall, in addition to the disbursements, impose such amount as it may deem reasonable for fees of the attorney for the party in whose favor judgment is rendered. . . ."

The appeal must therefore be dismissed, payment of costs, including $50 for attorney's fee, being imposed upon appellant.

Mr. Justice Hutchison and Mr. Justice Córdova Dávila took no part in the decision of this case.