Félix Benítez Rexach, hoy Joaquín Santana, demandante y apelado, v. Sergio Muñoz y Domingo Quintana, demandados y apelante el último.

Núm. 7356.—*Sometido:* Diciembre 17, 1937. *Resuelto:* Febrero 24, 1938.

*Mimoso, Vendrell & Mimoso,* abogados del apelante; *R. Buscaglia,* abogado del apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

De los autos resulta que F. Benítez Rexach demandó a Sergio Muñoz y a Domingo Quintana en cobro de una deuda reconocida por sentencia que le fué cedida por el Banco de Yabucoa. Contestaron los demandados oponiéndose. Fué el pleito a juicio y el 31 de agosto de 1931 la corte lo resolvió por sentencia condenando a los demandados a pagar al demandante los tres mil dólares reclamados, intereses y costas.

En noviembre 28, 1934, compareció el demandante por su abogado para hacer constar que había vendido, cedido y traspasado a Joaquín Santana la sentencia de agosto 31, 1931, a fin de que el cesionario pudiera sustituirlo y ejecutar las acciones que creyere pertinentes.

También en igual día compareció Santana pidiendo que se le tuviera por sustituído y que no habiendo podido cobrar la sentencia se expidiera orden de ejecución de la misma contra los demandados.

En diciembre 11, 1934, compareció Quintana alegando que sin que la sustitución fuera decretada por la corte el secretario había expedido orden de ejecución y el márshal cumplimentándola había embargado ciertos bienes de su propiedad. Pidió por tal motivo la nulidad de lo actuado. Por otra moción de igual fecha se opuso a la sustitución alegando que el traspaso de la sentencia era simulado y que se trataba de un crédito litigioso. Pidió Santana que se hiciera más clara y específica la moción de Quintana, oponiéndose a la sustitución, y la eliminación de ciertos particulares

de la misma. La corte anuló la orden de ejecución y declaró con lugar las mociones de Santana, concediendo a Quintana diez días para enmendar su moción.

Solicitaron reconsideración ambas partes y señalado el 12 de junio, 1936, para oírlas comparecieron con excepción de Quintana y la corte declaró sin lugar la moción de éste y con lugar la de Santana, decretando la sustitución que solicitara y dejando en libertad al secretario para expedir la orden de ejecución. Proveyendo otra moción de Santana, decretó el levantamiento del embargo trabado sobre bienes del demandado Muñoz.

Quintana apeló para esta Corte Suprema y en su alegato señala dos errores cometidos a su juicio por la corte al declarar bien hecha la sustitución de Benítez por Santana y subrogado éste en los derechos de aquél y al no considerar la cesión de Benítez a Santana como la de un crédito litigioso.

Santana en noviembre 30, 1937, pidió la desestimación del recurso con imposición de costas, gastos y honorarios de abogado, y como la vista del mismo estuviera ya señalada para diciembre 17 siguiente, se acordó oír la moción y el caso en su fondo en dicho día, como así se hizo, con la sola comparecencia y el informe de la parte apelada.

La verdad es que una vez estudiado el recurso resulta claramente frívolo, e interpuesto y mantenido con el sólo propósito de dilatar la ejecución de la sentencia en bienes de Quintana, uno de los demandados por ella condenados al pago de la suma reclamada.

No sólo estuvo bien declarada la sustitución por el juez de distrito, si que era innecesaria su declaración formal para que el sustituído pudiera pedir la ejecución de la sentencia, según decidió esta propia Corte Suprema en *Santana* v. *Quintana,* 51 D.P.R. 794.

■ Eso en cuanto al primer error y en cuanto al segundo bastará decir que como la existencia del litigio a que se refiere el apelante y la de la simulación que alegó no fue-

ron por él expuestas finalmente en forma debida, ni menos probadas, ya que no enmendó su moción de oposición a la sustitución y faltó en comparecer a la vista de su moción de reconsideración, ni siquiera puede considerarse por falta de base en los autos para sostener la proposición que en el alegato se discute.

■ Además, aunque la hubiera, ya se resolvió también en el citado caso de *Santana* v. *Quintana,* supra, que el error no existe. Allí se dijo:

"El artículo 52 del Código de Enjuiciamiento Civil (edición de 1933) provee:

" 'En el caso de la cesión de una cosa litigiosa, la acción ejercitada por el cesionario es sin perjuicio de cualquier reclamación en contrario, o de otro derecho existente al tiempo de notificarse la cesión, o antes. . . .'

"Si Quintana, antes de tener aviso de la cesión, hubiera pagado la sentencia o parte de la misma, hasta ese punto la cesión hubiera sido ineficaz en cuanto a él. Santana, al dejar de hacer notificación inmediata de esta cesión, corrió el riesgo de esta posibilidad, o de otras similares que pudieron haberle privado del derecho a cobrar su sentencia total o parcialmente. Sin embargo, sujeto a semejantes contingencias, él tenía derecho a un auto de ejecución. 34 Corpus Juris 636, 640, 644 y 645; 23 Corpus Juris 310, 311; *Curtin* v. *Kowalsky,* 145 Cal. 431; *Brown* v. *Ayres,* 33 Cal. 525, 91 Am. Dec. 655, 657; *Wright* v. *Levy,* 12 Cal. 257; *Buckeye Refining Co.* v. *Kelly* (*Cal.*), 124 Pac. 536; *Gaullagher* v. *Caldwell,* 60 Am. Dec. 85, 87."

Las propias autoridades que invoca el apelante le son adversas. Ambas—Manresa ,y la Enciclopedia Jurídica Española—al determinar lo que es un crédito litigioso dicen:

" . . . De igual modo, si cuando la venta tiene lugar, el litigio está ya terminado por sentencia firme, tampoco corresponderá al crédito la denominación de litigioso por más que lo haya sido antes. Este carácter ha de concurrir en el momento del contrato." 10 Manresa, Comentarios al Código Civil, 377.

"El Código habla del caso de venta de un crédito litigioso. No parece debiera de haberse suscitado duda acerca de este concepto.

Crédito litigioso es el que está sujeto a litigio, y ese carácter ha de ser *actual*, con relación al momento de la venta. El crédito que fué litigioso, pero no lo es *ya*, y el que pudiera llegar a serlo, pero no lo es *aún*, no caen bajo la acción del artículo 1535." 27 Enciclopedia Jurídica Española 535.

■ Encontrándonos, pues, frente al caso de un recurso frívolo, debe darse cumplimiento a lo dispuesto en el art. 327 del Código de Enjuiciamiento Civil, tal como quedó enmendado por la Ley núm. 69 de 1936 (Leyes de ese año, pág. 353, 355), a saber:

"Artículo 327.— . . . . . . .
"El Tribunal Supremo, en caso de temeridad, impondrá las costas a la parte contra quien se dicte sentencia o resolución, en adición a las costas ante la corte de distrito, las cuales comprenderán los siguientes desembolsos:
"(1) Sello de cinco (5) dólares para apelación:
"(2) Si el tribunal entiende que la apelación ha sido frívola o la parte ha sido temeraria, se le impondrá además de los desembolsos, la cantidad que el tribunal crea razonable en concepto de honorarios del abogado de la parte a cuyo favor se dicte sentencia. . . . "

*En tal virtud el recurso será desestimado, imponiéndose al apelante el pago de las costas, incluyendo entre ellas cincuenta dólares por honorarios de abogado.*

Los Jueces Asociados Señores Hutchison y Córdova Dávila no intervinieron.